## MARY SCHULTE v. WILLIAM P. HOLLIDAY.

*Injury from servant's negligence—Evidence—Damages.*

1. In an action for damages caused by the recklessness of defendant's servant in leaving his horse unhitched, it is proper for the identification of the turn-out to show that the name of defendant's firm appeared on the vehicle.

2. A servant's long-continued and notorious habit of leaving his master's horse unhitched may be shown in an action against the master for damage caused thereby.

3. Where a person sued for damages caused by the recklessness of a driver in his service defends on the ground that the team belonged to a third person and that the driver was in his employment, it is proper to show that defendant and the third person had been in partnership until shortly before the injury.

4. The question whether a servant is acting within the scope of his employment depends upon facts as to which the finding of a jury is conclusive.

5. In an action by a married woman for personal injuries it is proper to include the expense of medical attendance.

6. In an action for injury caused by the conduct of a servant the burden of proof is not on the plaintiff, after he has shown that at the time the injury was done the servant was in the employment of defendant in his regular business, to show farther that he was acting in the course of his employment.

Error to the Superior Court of Detroit. (Chipman, J.) April 23.—June 11.

CASE. Defendant brings error. Affirmed.

*Barbour & Rexford* for appellant. The master is not liable for injuries caused by the negligence of his servant while the latter is doing an unauthorized act, beyond the scope of his employment, for his own or another's purposes, although in doing such act he uses the implements or property of the master: *Cavanagh v. Dinsmore* 12 Hun 465; *Quinn v. Power* 17 Hun 102; *Garretzen v. Duenckel* 50 Mo. 104; *Sheridan v. Charlick* 4 Daly 338; *Storey v. Ashton* L. R. 4 Q. B. 475, overruling *Sleath v. Wilson* 9 C. & P. 607; *Mitchell v. Crassweller* 13 C. B. 237; *Stone v. Hills* 45 Conn. 44; *Church v. Mansfield* 20 Conn. 284; *Courtney v. Baker* 37 N. Y. Superior Ct. 249; *Bard v. Yohn* 26 Penn. St. 482: 4 Wait's A. & D. 412; Cooley on Torts, 537, 538, notes; *Campbell v. Providence* 9 R. I. 262; a married woman living with her husband cannot recover the amount of a doctor's bill as part of her damages for an injury: *Berger v. Jacobs* 21 Mich. 215.

*Atkinson & Atkinson* for appellee.

SHERWOOD, J. This is an action on the case, to recover damages for injuries to plaintiff occasioned by the negligence of the servant of the defendant in allowing his horse to run away in the city of Detroit, and against the wagon of the plaintiff in which she was riding, overturning the same, breaking her arm, and otherwise causing serious personal injuries to her. That the defendant left his horse standing in the street unhitched, at the time the injury occurred, is undisputed, and that he was accustomed to do so. Neither were the injuries claimed to have been received by the plaintiff contested. No question is made upon the pleadings.

The defenses set up were: 1st. That the driver, one Dubois, was not the servant of the defendant; and 2d. He was not acting within the scope of his authority at the time the injury occurred, if he was the defendant's servant. Upon both these points the verdict of the jury was against the defendant, and unless there was something wrong in the rulings of the court upon the trial, or in charging the jury, the judgment should not be disturbed.

The plaintiff showed, against the objection of defendant's counsel, of immateriality and irrelevancy, that the name of defendant's firm was upon the wagon which the servant used on the occasion of the injury. There was no error in this. It was proper to identify the horse and vehicle used by defendant at the time.

The plaintiff was permitted to prove that Dubois was in the habit of leaving his horse unhitched in the street, and that he was also in the habit of driving the horse to the same place where he left him on the day the injury occurred, and leaving him unhitched while he was taking his meals. We can see no objection to this testimony. The long-continued and notorious habit of the servant in doing his master's business, is, at least, some testimony tending to show knowledge and permission, if not approval, by the master, and as such was competent in this case. It further tended to show him acting within the scope of his employment.

E. P. Zerbe, a witness for plaintiff, testified, in substance, that he worked for defendant and his partner, one Alexander, in Detroit, from March, 1881, until after the accident occurred, as their foreman; that they had a horse and wagon belonging to the firm, and the name was upon the wagon; that they were in partnership, and Dubois was delivering boxes for them the day of the accident; that they quit doing business together as partners about two weeks after the accident; that Holliday told him after this that he was running the factory alone; that Mr. Dubois was delivering boxes under his instructions as foreman of Holliday & Co. when the accident occurred; that nothing was said about their not being in partnership until about two weeks after the accident; that Alexander said Holliday was going to have the business alone, and about a week after that Holliday said he was going to run the shop alone; that during the month of September Holliday brought an order to make boxes, and gave money to pay the hands, and that the books were kept in the name of W. P. Holliday & Co.

Defendant's counsel here moved to strike out all of Zerbe's testimony given to show Holliday's partnership when the acci-

dent occurred, on the ground that his statements were made as matters of belief and not knowledge. This objection cannot stand. The usual testimony of partnership was given, and inasmuch as it was, upon the trial, sought to be established by defendant that Alexander owned the horse and wagon that did the mischief, and that Dubois was Alexander's servant and not that of the defendant, all this evidence was entirely proper to be submitted to the jury. The partnership of defendant in the business was a material question in the case, and there was no error committed in allowing the testimony complained of upon this point.

Whether Dubois was acting within the proper scope of his employment or not, depended upon the finding by the jury of the existence of certain facts, and these, by the general verdict, were with the plaintiff, and cannot now be disturbed. This disposes of the defendant's fifth assignment of error.

The next error assigned relates to the plaintiff's right to recover for the doctor's bill, and the expenses of her sickness complained of. The defendant claims his liability, if any, was to the husband, and not to the plaintiff. We think it was competent for the wife to recover for the expenses incurred for these items, under the circumstances of this case.

We see no error in the court's refusal to give the defendant's first three requests : (1) That the burden of proof in this case is on the plaintiff to show that the servant, Dubois, was acting within the course of his employment at the time of the accident to plaintiff ; (2) That there is no evidence in the case to show that Dubois, the driver, was acting within the course of his employment at the time of the accident to plaintiff, and plaintiff is not entitled to recover damages in this suit ; (3) That there is no evidence in the case to show that Dubois, the driver, was the servant of Holliday, the defendant, at the time of the accident to the plaintiff, and plaintiff is not entitled to recover damages in this suit.

There was some testimony to go to the jury on the question referred to in the second and third requests, and we do not think the burden of proof claimed in the first request was

upon the plaintiff, after having shown the servant in the employment of the defendant in his regular business.

We find no error in the record, and

The judgment must be affirmed.

The other Justices concurred.