The Louisville, New Albany and Chicago Railway Co. *v.* Costello.

tions to grant a new trial. The judgment is, therefore, reversed with that instruction.

REINHARD, J., absent.

Filed Dec. 14, 1893.

Filed April 5, 1894.

———————◆———————

No. 998.

### THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* COSTELLO.

RAILROAD.—*Judicial Notice.*—*Reasonable Stop of Passenger Train to Receive and Discharge Passengers.*—*Personal Injury.*—*Recovery.*—The court will take judicial notice of the fact that, ordinarily, a stop of a passenger train for three minutes, at a station, for the purpose of allowing passengers to get on or off the train, is reasonable and adequate; and if any special reason exists in a given case requiring a longer stop, such reason should be shown, otherwise a passenger who is injured by the sudden starting of the train after such a stop, while he is attempting to leave it, can not recover for such injuries.

SPECIAL VERDICT.—*Construction.*—*Burden of Proof.*—A special verdict or finding will be construed most strongly against the party having the burden of proof.

The Louisville, New Albany and Chicago Railway Co. *v.* Costello.

From the White Circuit Court.

*E. C. Field, W. S. Kinnan, E. B. Sellers* and *W. E. Uhl,* for appellant.

*T. F. Palmer* and *C. C. Spencer,* for appellee.

Davis, C. J.—The complaint in this case is as follows:
"The plaintiff complains of the defendant, and says that defendant is and was, at the time hereinafter mentioned, a corporation, duly organized under the laws of the State of Indiana, and owned and operated, as a common carrier for hire, a line of railroad known as the Louisville, New Albany and Chicago Railway, passing through and from the town of Rensselaer, in the county of Jasper, in the State of Indiana, to and through the town of Reynolds, in the county of White, in said State, with the track, cars, locomotives and other appurtenances thereto belonging; that on the 13th day of February, 1892, the defendant, as a common carrier of passengers for hire, for a valuable consideration paid by plaintiff to defendant, the same being the full regular fare demanded by defendant for one first class passage from said town of Rensselaer to said town of Reynolds, received plaintiff as a passenger on a regular passenger train from said town of Rensselaer to said town of Reynolds; that when the train upon which plaintiff had so taken passage arrived at said town of Reynolds, at the platform provided by defendant for passengers to alight upon, at the usual place where passengers upon defendant's trains getting off at said town of Reynolds usually alighted, plaintiff, being then an old man, sixty-five years of age, having been informed by defendant's agents and servants that he had arrived at his said destination, went out upon the platform of the car of said train in which he had been riding, and said car then being fully stopped, he, without negligence, fault, or

carelessness upon his part, attempted to alight upon said platform, but the agents and servants of defendant, having charge and control of said train and the cars thereof, negligently and carelessly and wrongfully failed and refused to stop said train a proper and sufficient length of time to enable and allow plaintiff to get safely therefrom, and the agents and servants of defendant then and there, while plaintiff was in the act of attempting to get off said train, suddenly, negligently, carelessly, and wrongfully, and without fault or negligence on the part of plaintiff, started said train in motion, and by reason thereof plaintiff was violently thrown from said car upon the ground, between a car of said train and the platform, and was thus and thereby seriously and permanently injured, in this, to wit:

"The bones of plaintiff's left foot were broken, crushed, mangled, and dislocated, his right leg was cut and bruised, his right shoulder was bruised, strained, and hurt, and his nervous system was shocked and permanently injured; that in consequence of said injuries plaintiff has ever since been in and suffered great pain and mental and bodily affliction, and is yet sick and disabled, and can never entirely and permanently recover, and he is, and will be, prevented from attending to his business and caring for his family; that he has also been to great expense and loss of time in procuring necessary medical and surgical attendance, and in endeavoring to become relieved and cured of said injuries. By reason of the negligence, careless, and wrongful acts of defendant and defendant's servants, as aforesaid, plaintiff has been damaged in the sum of five thousand dollars.

"Wherefore, plaintiff demands judgment for five thousand dollars, and all other proper relief in the premises."

The special verdict returned by the jury is as follows:

"We, the jury, return the following special verdict in the above cause: The defendant is now, and was on the 13th day of February, 1892, a corporation duly organized, and owned and operated, as a common carrier of passengers and freight for hire, a line of railway known as 'The Louisville, New Albany & Chicago Railway,' which then passed, and now passes, through and from the town of Rensselaer, in the county of Jasper, in the State of Indiana, to and through the town of Reynolds, in the county of White, in said State, with the cars, locomotives, and other appurtenances thereto belonging; that on the 13th day of February, 1892, the defendant, as a common carrier of passengers for hire, for a valuable consideration, which was paid by the plaintiff to defendant, received plaintiff as a passenger on a regular passenger train of the defendant, known as 'The Milk Train,' from said town of Rensselaer to said town of Reynolds; that when said passenger train, upon which plaintiff had so taken passage, arrived at said town of Reynolds, it stopped at the platform provided by defendant for passengers to alight upon, and at the usual place where passengers upon defendant's trains were accustomed to alight and get on and off said trains; that plaintiff, at said platform, while said train upon which he was riding was standing still, carefully and without unreasonable delay, and without fault or negligence on his part, having been informed by defendant's agents and servants that he had arrived at said town of Reynolds, went out upon the platform of the car of said train in which he had been riding, and attempted to get off said car to the said platform at said station; that the agents and servants of defendant having charge and control of said train and the cars thereof, then and there negligently, carelessly, and wrongfully failed and refused to

stop said train a proper and sufficient length of time to enable and allow plaintiff to get safely therefrom, and the said agents and servants of defendant then and there, while the plaintiff was in the act of attempting to so get off said train, suddenly, carelessly, negligently, and wrongfully, and without fault or negligence on the part of plaintiff, started said train in motion, and by reason thereof plaintiff was violently thrown from said car upon the ground, between a car of said train and the said station platform, and was then and thereby seriously and permanently injured in this, to wit:  The bones of the plaintiff's left foot were broken and dislocated, the right leg was cut and bruised, his right shoulder was strained and hurt, and his nervous system was shocked and permanently injured; that by reason of said injuries plaintiff suffered then, and has ever since suffered, great pain, and mental, nervous, and bodily affliction, and is yet disabled and lame, and can never entirely and permanently recover, and he is prevented from attending to his business, which, before said injury, was that of a trader, broker, and farmer; that at the time of said injury, said station platform was not sufficiently and properly lighted, and the night was dark; that the train stopped, when plaintiff was so injured, from one to three minutes, and other passengers got on and off said train; that in attempting relief and cure for said injuries, plaintiff has paid out three dollars for physicians' services, and purchased medicines, the value of which is not proved.

"If, upon the foregoing facts, the law is with plaintiff, we find for the plaintiff, and assess his damages at six hundred dollars.  If the law is with the defendant, we find for the defendant."

Judgment was rendered in favor of appellee.

The errors assigned bring in review the action of the

trial court in pronouncing judgment against appellant on the special verdict.

The law is well settled that a special verdict must contain a finding of the facts, and if any fact essential to support the judgment is not found the judgment must fall; that nothing can be supplied by intendment; and that a failure to find a fact in favor of a party, upon whom the burden as to such fact rests, is equivalent to finding such fact against him. *Noblesville Gas and Improvement Co.* v. *Loehr*, 124 Ind. 79.

It is also well settled that if a special verdict contains evidence, conclusion of law, or facts without the issues, such matters, thus improperly found, will be disregarded. *Indiana, etc., R. W. Co.* v. *Finnell*, 116 Ind. 414.

The rule is also settled in this State, that when, in such case as the one now under consideration, but|one reasonable inference can be drawn from the facts found in the special verdict, the question involved, either as to the negligence of defendant, or as to whether the plaintiff was without fault, is for the court; but whenever, on either the question of negligence or contributory negligence, there may reasonably be differences of opinion as to the inference or conclusion which may fairly be drawn from such facts, such question is then one of fact—an ultimate fact—to be determined by the jury. *Cincinnati, etc., R. W. Co.* v. *Grames*, 136 Ind. 39; *Rush* v. *Coal Bluff Mining Co.*, 131 Ind. 135; *Woolery, Admr.,* v. *Louisville, etc., R. W. Co.*, 107 Ind. 381.

The material facts found in this case tending to charge appellant with negligence, and relieve the appellee from fault, are, in substance, that when said passenger train reached the platform provided by appellant for passengers at the station, it stopped three minutes, and that other passengers got off and on the train, and that appellee, while said train was standing still, carefully, and

without unreasonable delay, went out on the platform of the car and attempted to get off onto the platform at the depot; and that the servants of appellant, while appellee was in the act of attempting to get off said train, suddenly started said train in motion, and by reason thereof appellee was violently thrown from said car to the ground.

The jury also find the ultimate facts that appellee was without fault or negligence on his part, and that appellant negligently, carelessly and wrongfully failed to stop said train a proper and sufficient length of time to allow appellee to get safely therefrom, and negligently, etc., started the train.

There is no fact found in relation to the age or physical condition of appellee, or as to what he did or attempted to do, or was prevented from doing, that caused any delay or failure on his part in getting off the train, or that the servants of appellant had any notice or knowledge, when the train was started, that appellee was attempting to get off, or of any other fact or circumstance which required a longer stop than three minutes.

If it was conceded that, on the facts found, different inferences might reasonably be drawn on the question of contributory negligence, but as to this we express no opinion, yet, on these facts so meagerly found as to the circumstances and surroundings of the respective parties in connection with the transaction, we are of the opinion that the only reasonable inference which can be drawn therefrom is, that appellant was not guilty of negligence in failing to stop longer than three minutes. The court will take judicial notice of the fact that ordinarily a stop of a passenger train for three minutes, at a station for the purpose of allowing passengers to get on or off the train, is reasonable and adequate. In other words, it is not ordinarily negligence *per se* to fail to stop a passen-

The Louisville, New Albany and Chicago Railway Co. v. Costello.

ger train for such purpose for a longer period than three minutes. If any special reason existed in this instance requiring a longer stop, such reason should have been shown. The mere fact that appellee, if in the exercise of due care and reasonable diligence, had not left the train in that time, did not, in itself, make the sudden starting of the train, after a stop of three minutes, a negligent act. If it appeared that appellee was old and feeble, or that appellant's servants knew, when they started the train, that he was attempting to get off, a different question would be presented.

It is true the finding is that the train stopped from one to three minutes, but the same rule should be applied as in the construction of a pleading, and as the burden of proof was on appellee, the verdict must be construed most strongly against him.

The charge in the complaint is that appellant negligently failed and refused to stop said train ''a proper and sufficient length of time to enable and allow plaintiff to get safely therefrom,'' but the finding, when construed most strongly against him, is that the train stopped three minutes, and other passengers got on and off the train, and that it was suddenly and negligently started while he was in the act of attempting to get off the train, without showing any circumstance or reason from which the inference could reasonably be drawn that the train had not, in the ordinary and natural course of events, stopped a sufficient length of time to allow him to get safely therefrom.

The judgment of the court below is reversed, with instructions to grant appellee a new trial, if moved for within ninety days, otherwise, to render judgment in favor of appellant on the verdict of the jury.

Filed Jan. 23, 1894; Petition for rehearing overruled April 4, 1894.