No. 1,102.

## WALKUP ET AL. *v.* MAY.

SPECIAL VERDICT.—*Essentials.—Necessary Facts.—Negligence.—Burden of Proof.—Recovery.*—A special finding or verdict must contain all the facts essential to a recovery, before the party having the burden of proof can recover. And where negligence is the gist of the action, the facts constituting the negligence should be found in any event, even where negligence as an ultimate inferential fact is also found. ·

From the Montgomery Circuit Court.

*P. S. Kennedy, S. C. Kennedy* and *D. Kennedy,* for appellants.

*M. D. White* and *W. M. Reeves,* for appellee.

GAVIN, J.—Appellee sued the appellants for damages resulting from the negligent failure of appellants' servant to turn his team to the right when he met appellee driving upon a public highway.

There was a trial by jury, and a special verdict on which judgment was rendered in appellee's favor.

The correctness of the court's action upon the special verdict is the only question we are called upon to consider.

In order to justify a recovery by the party upon whom rests the burden of proof, the special finding or verdict must contain all the facts essential to such recovery.

The verdict must find the facts and not the evidence merely, nor conclusions of law, which, if found, must be disregarded. *Louisville, etc., R. W. Co.* v. *Costello,* 9 Ind. App.·462, 36 N. E. Rep. 299; *Sweetzer* v. *Snodgrass,* 7 Ind. App. 609, 34 N. E. Rep. 842; *Chicago, etc., R. W. Co.* v. *Burger,* 124 Ind. 275; *Hoosier Stone Co.* v. *McCain, Admr.,* 133 Ind. 231.

The law of the road requires travelers in vehicles on

public highways to keep to the right when they meet, and it also requires, as a general rule, that each should give half the road. R. S. 1894, section 6837; Beach on Con. Neg., sections 282, 283, and cases there cited; 12 Am. & Eng. Encyc. of Law, 957, *et seq.*

If one negligently fails to give his share of the road, and a collision and damage occurs thereby, or if damage occurs in the effort to avoid a collision, he must answer for his negligence. The cause of action of the party injured arises from the negligence of the other, and, as in other actions for negligence, it is incumbent upon him to prove negligence upon the defendant's part as the proximate cause of the injury, and freedom from contributory negligence upon his own part. *Parker* v. *Adams*, 12 Met. 415; Beach on Con. Neg., *supra;* 12 Am. & Eng. Encyc. of Law, *supra,* and cases there cited.

Keeping these propositions of law in mind, we proceed to examine the special verdict. From it we learn that on February 4, 1893, appellants' servant, Sharpe, was driving an omnibus on Water street, in Crawfordsville, and met appellee driving his mare hitched to a small sleigh, and going in the opposite direction; "that said Sharpe was driving said omnibus in a careless and negligent manner, and said Sharpe negligently failed and refused to turn to the right, or to give plaintiff one-half of said street;" that, to avoid a collision, appellee was compelled to give more than half the road and get out of the beaten track and upon the slanting side of the road, when his sleigh, without any fault or negligence upon his part, slid into a ditch, whereby his sleigh was overturned and certain damage resulted; that at the point where the teams passed one another, the street upon Sharpe's right was level for a distance of fifteen feet from the traveled roadway; that Sharpe failed to give any of the road;

that there was an electric light about forty yards from the place, which was lighted; that Sharpe was driving in a trot, and both parties were familiar with the surroundings and condition of the street; that all of the damage "was caused by the carelessness and negligence of said Sharpe, and without any fault or negligence on the part of plaintiff."

This is all of the finding which in any manner throws light upon the conduct of appellants or their servant.

From these facts, we are unable to see how an inference of negligence can be drawn against appellants. Their driver had certainly the right to drive his omnibus along the street, in the traveled way, in a trot; nor was he under any obligation to turn aside unless the presence of appellee upon the road was known to him, or ought to have been known. The verdict does not show how far the parties had traveled upon this street in either direction. For aught that appears, appellee may have turned into it the instant before the parties met. It does not show that Sharpe saw appellee before the accident, nor in time to have turned out for him. Neither does it appear that it was light enough for him to see him, nor that he was not on the lookout. It is true an electric light was lighted forty rods away, but whether its light reached this place, does not appear. It may have been obstructed by trees, or around the corner, so far as the verdict shows. In the facts found, there is absolutely nothing to show that Sharpe was apprised of appellee's approach, or could have learned of it in time to have avoided the accident. The statement that Sharpe was driving in a "negligent" manner, and "negligently" failed to turn out, can not supply the want of the facts showing negligence. *Chicago, etc., R. W. Co.* v. *Burger, supra.*

In *Pittsburgh, etc., R. R. Co.* v. *Spencer*, 98 Ind. 186, it is said: "It is not sufficient to state facts not in them-

selves constituting negligence, and .then by an epithet or conclusion of law characterize them as negligent, but the facts must be so stated as to afford the court grounds for adjudging that the law is that they do constitute negligence.''

In *Cincinnati, etc., R. R. Co.* v. *Grames,* 136 Ind. 39, 34 N. E. Rep. 714 (718), Judge COFFEY says, of this and another case: ''The two first cases hold, and we think correctly, that a general statement of the jury, in a special verdict, to the effect that a particular act was or was not negligent, is the statement of a mere conclusion, and will be ignored by the court.''

The Supreme Court, in that decision, recognize that there are cases where it is the province of the jury to determine the question of negligence as an ultimate inferential fact, this right existing where the facts are such as that different conclusions may reasonably be drawn from them. *Louisville, etc., R. W. Co.* v. *Costello, supra.*

It is, however, in such cases, essential that the jury should set out in their verdict both the primary and the final inferential facts in order that the court may determine whether or not different conclusions may reasonably be drawn from the primary facts.

Since it is our conclusion that no negligence is found against appellants, it is unnecessary that we should take up in detail the findings upon the subject of contributory negligence. The rules which are laid down as governing the question of negligence apply equally to that of contributory negligence. The same care should be observed in seeing that the facts are fully set forth, so that if negligence or want of negligence is found as an inferential fact, this court may know the basis upon which such finding rests.

We are unable to see that the cases of *Terre Haute,*

*etc., R. R. Co.* v. *Brunker,* 128 Ind. 542, and *Conner* v. *Citizens' Street R. W. Co.,* 105 Ind. 62, lend any substantial aid to appellee's position.

Whether or not appellee was guilty of contributory negligence, would depend largely upon his distance from Sharpe when he discovered that he was not going to turn out.

The judgment is reversed, with instructions to the trial court to sustain a motion for a new trial by appellants.

Ross, J., concurs in the result.

Filed March 16, 1894.