Evansville Street Railway Co. *v.* Meadows, by Next Friend.

Filed September 20, 1895.

---

No. 1,566.

## EVANSVILLE STREET RAILWAY COMPANY *v.* MEADOWS, BY NEXT FRIEND.

STREET RAILROAD.—*Negligence.—Injury to Passenger.—Child on Car at Invitation of Driver.—Recovery.*—Where a driver on a street car invited a child about ten years of age to ride upon the car, and the child, while upon the car, in response to such invitation, was injured by the mules attached thereto giving the car a violent jerk while the driver had temporarily abandoned the lines and left them hanging loosely on the brake, the injury is one for which damages may be recovered.

NEGLIGENCE.—*Facts Alleged to Constitute Negligence Stated in Complaint.—Two Inferences.—Law and Fact.—Quære.*—Where the facts constituting negligence are alleged in the complaint, and there is room for difference of opinion between reasonable men as to whether or not negligence should be inferred, is the right to draw the inference of negligence or no negligence therefrom, as in case of special verdict, for the jury, as a question of fact, or for the court, as one of law?

BILL OF EXCEPTIONS.—*Filing.—Record.*—Where there is nothing in the record to show that the bill of exceptions was ever filed in the clerk's office, the bill is not properly in the record.

From the Warrick Circuit Court.

Evansville Street Railway Co. *v.* Meadows, by Next Friend.

*A. Gilchrist* and *C. A. De Bruler*, for appellant.

*G. A. Hoff, W. A. Cullop* and *C. B. Kessinger*, for appellee.

Ross, J.—Sarah A. Meadows, a minor, by her next friend, Susan Meadows, brought this action to recover damages for personal injuries alleged to have been received by being thrown from one of the appellant's street cars.

The gist of the action, as stated in the complaint, is that the driver in charge of one of appellant's cars invited appellee, who was a child but ten years of age, to ride upon the car; that she got on and rode to the end of the line, when the driver changed his team from the then front end of the car to the other end, and then "carelessly and negligently left said team of mules standing alone, without any person having hold of the lines with which it was driven, and the same was loosely thrown over the brake at the end of the car; that the defendant negligently and carelessly went to the rear or eastern end of said car, and while engaged in and around the rear end thereof, the said team of mules started forward rapidly, and with a violent jerk and motion, and the plaintiff, Sarah A., was with great force and violence, and by and on account of the negligence and carelessness of the defendant thrown from the car while it was in motion," injuring her, etc.

It is insisted on the part of appellant that the complaint is insufficient, and that the court below erred in overruling the demurrer thereto for the reason, first, that the facts alleged fail to show actionable negligence on the part of appellant, resulting in appellee's injury, and, second, that the facts show that the appellee was guilty of negligence contributing to her injury.

The first contention of appellant is met by counsel for the appellee by the assertion that the facts alleged, namely, that the driver went away and left the "mules attached to and hauling said car unattended and unguarded, and with the lines loosely wrapped around the brake of said car, and thereby permitted said mules to give a quick and sudden jerk of said car and moved it forward rapidly," throwing appellee from the car and injuring her, "constitute the defendant's (appellant's) negligence, which proximately caused the injuries to the plaintiff (appellee) of which she complains."

It seems to be conceded, by both appellant and appellee, that the complaint contains no charges of negligence other than those above set out with reference to the acts of the driver in leaving his team as charged.

Before attempting to enter into a consideration of these facts and their sufficiency to state a cause of action, it is necessary to determine the rule that must govern the court in considering whether or not a given state of facts are sufficient to warrant the court in inferring negligence therefrom.

When the allegations in a complaint charging negligence are general, the court has little difficulty in determining their sufficiency, but when the specific facts are alleged upon which the negligence complained of rests, another and different rule, and one which is not well settled, applies.

Under the earlier decisions of the courts of last resort in this State it was held that when the facts relied upon as constituting negligence were alleged in the complaint, found in a special verdict or agreed to, whether they did in fact make a case of negligence, was purely a question of law for the court. *Toledo, etc., R. W. Co. v. Goddard*, 25 Ind. 185 ; *Bellefontaine R. W. Co. v. Hunter, Admr.*, 33 Ind. 335 ; *Pittsburgh, etc.,*

*R. R. Co.* v. *Spencer,* 98 Ind. 186 ; *Conner* v. *Citizens' Street R. W. Co.,* 105 Ind. 62 ; *Woolery, Admr.,* v. *Louisville, etc., R. W. Co.,* 107 Ind. 381 ; *Brannen* v. *Kokomo, etc., Gravel Road Co.,* 115 Ind. 115 ; *Louisville, etc., R. R. Co.* v. *Eves,* 1 Ind. App. 224 ; *Brummit* v. *Furness,* 1 Ind. App. 401 ; *Thiele* v. *McManus,* 3 Ind. App. 132.

As late as the case of *Faris* v. *Hoberg,* 134 Ind. 269, was this rule adhered to, for in that case Hackney, J., speaking for the court, says that in none of the adjudicated cases has it been decided "that the jury are the exclusive judges of the existence or nonexistence of negligence as an ultimate fact. A moment's reflection will show the error of a rule which would deprive the court of the right to determine whether a given state of facts—uncontroverted—does or does not constitute actionable negligence. When the facts are submitted to the court upon demurrer to a complaint, the court exercises the power of determining whether such facts, if proven, will constitute actionable negligence." This, I may add, was considered to be the rule until the decision of the same court in the case of *Cincinnati, etc., R. W. Co.* v. *Grames,* 136 Ind. 39, when it was held that in cases where the facts are such that there is room for diference of opinion between reasonable men as to whether or not negligence should be inferred, the right to draw the inference of negligence or no negligence therefrom, is for the jury as one of fact and not one for the court to be inferred as one of law. The latter holding has been tenaciously adhered to by this court. *Louisville, etc., R. R. Co.* v. *Berry,* 9 Ind. App. 63 ; *Kentucky & Indiana Bridge Co.* v. *McKinney,* 9 Ind. App. 213 ; *Walkup* v. *May,* 9 Ind. App. 409 ; *Louisville, etc., R. W. Co.* v. *Costello,* 9 Ind. App. 462 ; *Louisville, etc., R. W. Co.* v. *Sears,* 11 Ind. App. 654.

Evansville Street Railway Co. *v.* Meadows, by Next Friend.

Applying this rule to the facts before us it seems evident that there is room for a difference of opinion between reasonable men as to whether negligence should be inferred from them. Were it not for a difference of opinion the sufficiency of the complaint would not be in issue here. For instance the court below in holding the complaint good must have thought a cause of action was stated, and the able counsel for appellee very earnestly insist that those facts are sufficient, while on the other hand the learned counsel for appellant as earnestly insist that no inference of negligence can be inferred from them. It is plain, therefore, that all men are not agreed upon what inferences should be drawn from the facts alleged. The experience of almost every man convinces him that men from nature and habit vary materially in their conceptions of what constitutes negligence. Hence, if the duty one man owes to another is not fixed, but must be determined by a jury, the court can not consider the sufficiency of a given state of facts until a jury has first determined what inference shall be drawn from them.

If the facts show a duty, a violation of that duty is negligence. Negligence results only from a violation of some duty. The question as to whether a duty exists cannot depend upon the judgment of men, for a duty is created by law, and for its non-observance resulting in injury, the law affords a remedy. Law itself signifies a rule of action. It is the "rules or methods by which society compels or restrains the conduct of its members." 2 Bouvier's Law Dic. One disobeying such rules by reason of which injury befalls another, is guilty of negligence and must answer in damages for such failure of duty. Every duty becomes such because the law makes it so. It is fixed and certain. Unless fixed and certain it cannot be a duty. In cases where the

question arises as to whether or not a party has been guilty of negligence, the first thing to be determined is what duty, if any, has been violated.

In the case before us we must first determine what duty, if any, appellant owed the appellee. To those who were passengers on its cars it owed the duty to carry safely. If the appellee was a passenger, then appellant's duty was to carry her safely to her destination. *Evansville, etc., R. R. Co.* v. *Athon*, 6 Ind. App. 295.

Counsel for appellant apparently concede in their argument that appellee was rightfully on the car, hence we must assume that appellant owed her some protection. Not being an employe, if she was there rightfully it must have been as a passenger, hence was entitled to all the protection the law imposes for the benefit of a passenger.

Under the contention that the facts alleged show that appellee's own negligence contributed to her injury, counsel insist that the general allegation of freedom from fault on her part is overcome by the facts specially pleaded. In this contention we cannot concur.

Other questions are argued by counsel for appellant which are not properly presented by the record.

Incorporated in the transcript is what purports to be a bill of exceptions containing the evidence and instructions, but it is not properly in the record for the reason that there is nothing to show that it was ever filed. Section 629, R. S. 1881 (section 641, R. S. 1894) makes it necessary to file the bill with the clerk after it has been signed by the judge in order to make it a part of the record in the cause. *Davee* v. *State, ex rel.*, 7 Ind. App. 71; *Gish* v. *Gish*, 7 Ind. App. 104; *Prather* v. *Prather*, 139 Ind. 570.

It clearly appears from the certificate of the clerk attached to the transcript that the longhand manu-

script of the shorthand notes of the evidence was filed in the clerk's office on the 24th day of February, 1894, and what purports to be a copy of a bill of exceptions containing this longhand manuscript of the evidence bears the signature of the judge of the Warrick Circuit Court, under date of March 19, 1894, is copied into the transcript, but the record nowhere recites, neither does it in any manner appear, that after the bill was signed it was filed, as required by section 629 *supra*.

On account of the condition of the record and the manner in which the questions are presented, we are compelled to affirm the judgment without a consideration of the merits of the controversy.

Judgment affirmed.

GAVIN, DAVIS, LOTZ, JJ., concur in result.

REINHARD, C. J., absent.

Filed September 24, 1895.