[No. 4430.   Decided December 17, 1902.]

THOMAS RICHARD JONES, *Respondent,* v. SWIFT & COMPANY, *Appellant.*

NEGLIGENCE — CARELESS DRIVING — LIABILITY OF DEFENDANT — SUFFICIENCY OF EVIDENCE.

In an action against defendant to recover on account of the negligence of the driver of one of its teams, a *prima facie* case

sufficient to defeat nonsuit was made out, although there was no direct ·proof of the ownership of the team or the employment of the driver, where the evidence showed the damage was done by a wagon painted and lettered like those of defendant's, drawn by a horse resembling those owned by defendant; that one of its drivers had a team out the day of the accident; and that defendant's wagons had never been used except in its own business.

SAME — QUESTION FOR JURY.

Whether the driver of defendant's wagon was guilty of negligence in driving his wagon against the barriers guarding an excavation in the street, so as to cause them to fall upon plaintiff who was down in the excavation, presents a question for the jury, when the evidence shows that the streets were torn up in the digging of a man hole; that there was but a narrow passageway between the excavation and sidewalk, which was blockaded with teams; that the earth was piled up on three sides of the excavation, and between it and the blockaded teams; that the driver should have known from the conduct of the work that there was a man in the pit; that he attempted to drive between the blockaded teams and the pit, and in so doing drove up on the embankment, thereby striking the boards and barrels used as a protection against the pit, knocking them down on the plaintiff, to his injury.

SAME — CONTRIBUTORY NEGLIGENCE.

In such a case, the fact that the barrels and boards surrounding the pit were not securely fastened would not show as a matter of law contributory negligence on the part of plaintiff in going into the pit, but the question of plaintiff's negligence was properly for the jury.

Appeal from Superior Court, King County.—Hon. GEORGE MEADE EMORY, Judge. Affirmed.

*McClure & McClure,* for appellant.

*Leroy V. Newcomb (Lewis & Hardin,* of counsel), for respondent.

The opinion of the court was delivered by

MOUNT, J.—Respondent on August 3, 1901, was in the employ of the Seattle Electric Company, engaged in ex-

cavating a pit for a man hole at the intersection of Second avenue South and Main street, in the city of Seattle. The course of Second avenue South is north and south, and that of Main street east and west. The pit at the time mentioned was about ten feet deep, about seven feet square, and had earth embanked upon the south, east, and north sides. A trench about five feet wide, which had been dug into the pit from the west side, kept that side of the pit open. The embankment of earth around the three sides of the pit was from two to three feet high, the highest point of the embankment being at the southeast corner. Four barrels were placed on top of this embankment, one at each of the four corners of the pit, and planks were loosely laid from one barrel to another, thus inclosing the pit. The pit in the center of the street, with its surrounding embankment of earth, and the trench leading into the pit upon Main street from the west, blocked all traffic north and south upon Second avenue South, excepting through a narrow passageway along the east side of the pit. At the time of the accident complained of, this passageway was partly filled by a loaded truck, which had become stalled and was stopped opposite the east side of the pit. On the north were a number of teams going south, waiting behind the truck, and on the south were a number of teams headed north, all waiting for the passageway to clear. At this time a light wagon, drawn by one horse, was driven up Second avenue South from the south, and, without waiting for the passageway to clear, was driven between the truck and the pit against the embankment on the east side of the pit, and struck either the barrel on the southeast corner, or one of the boards lying across the barrels. The barrel on the northeast corner fell into the pit and struck the respondent on the back, and the barrel on the southeast corner fell on the first barrel, the

two barrels injuring respondent. Respondent, in his complaint, alleged that the wagon so driven belonged to appellant and was driven by appellant's servant. Appellant, by its answer, denied that it or its servant caused the accident, and alleged that the accident was caused by the negligence of respondent's employer, the Seattle Electric Company, and that respondent had by his own negligence contributed to the injury. Respondent denied these allegations by his reply. Upon a trial the jury returned a verdict in favor of respondent for $300, upon which judgment was entered, and this appeal prosecuted from the judgment.

Four assignments of error are made in appellant's brief. These four assignments are argued under three heads, all of which go to one question, and that is whether appellant's motion for a nonsuit should have been sustained at the close of the respondent's evidence. When the respondent closed his evidence, there was no direct testimony that the wagon which knocked the barrels into the pit upon respondent belonged to appellant, or that the driver of the wagon was in appellant's employ. There was testimony substantially to the effect that the bed or box of the wagon was painted red; that the wheels were yellow or straw colored; that the name "Swift & Co." was painted on the wagon; and that the same was drawn by a gray horse. The manager of the appellant company in Seattle, called as a witness by respondent, also testified that Swift & Co. owned two wagons in Seattle and three horses; that the wagons were lettered with its name, and the box painted red, and the running gear painted yellow; that one of the horses was a dark gray, and the other two "a sort of spotted gray"; that he did not know of any other wagon in Seattle on that date bearing the name of Swift & Co.; that one of the wagons was used on that day, and was

driven by a servant of Swift & Co.; and that it had never allowed either of the wagons to be used by any other person. This evidence, it seems to us, clearly made a *prima facie* case that the defendant was the owner of the wagon, and that the same was in the charge of the servant of the defendant. The case of *Edgeworth v. Wood,* 58 N. J. Law, 463 (33 Atl. 940), is directly in point. It was there said:

"All the witnesses who saw the accident and noticed the wagon which ran over plaintiff unite in declaring that it was painted as were the wagons of the company and that it was marked with the company's name and device. Considering the great improbability that any other owner of a wagon would thus paint and mark it, a plain inference could be drawn from the evidence that the wagon in question was in the ownership of the company. If that inference be drawn, it is sufficient to establish *prima facie* that the wagon, being owned by the company, was in its possession, and that whoever was driving it was doing so for the company."

In support of this the court cites the following cases: *Joyce v. Capel,* 8 Car. & P., 370; *Norris v. Kohler,* 41 N. Y. 42; *Svenson v. Atlantic Mail Steamship Co.,* 57 N. Y. 108; *Pittsburg, etc., Ry. Co. v. Callaghan,* 157 Ill. 406 (41 N. E. 909); *Schulte v. Holliday,* 54 Mich. 73 (19 N. W. 752).

It is next argued by the appellant that the motion for a nonsuit should have been sustained, because the appellant was not chargeable with negligence, under the evidence. The evidence of the plaintiff, which we must assume to be true in considering this point, was to the effect that the streets were torn up; that there was but a narrow passageway between the pit and the sidewalk; that the passageway was blocked with teams; that the earth excavated from the pit was piled up between these teams and

the pit; that a man by the name of Santmyer, in charge of the work, was standing on the top of this pile of earth, directing the plaintiff, in the pit below, how to do the work, when appellant's servant drove up and turned in to the left, and attempted to go between the teams and the pit, and, in so doing, struck the barrels and boards used as a protection for the pit, knocking the barrels into the pit. Appellant's servant was negligent in driving upon the embankment and against the barrels, if he knew, or, as a reasonably prudent man, should have known, that someone was in the pit, liable to be injured thereby. If there is substantial evidence of negligence, upon which minds may reasonably differ, then this question must be submitted to the jury. We think the evidence as stated above made a case for the jury. The cases of *State ex rel. Menger v. Lauer,* 55 N. J. Law, 705 (26 Atl. 180, 20 L. R. A. 61), and *Walkup v. May,* 9 Ind. App. 409 (36 N. E. 917), relied upon by appellant, are clearly distinguishable from the case at bar. In the former, where the plaintiff had set up a surveyor's transit in the middle of the public street and left it standing there without anyone looking after it, where it was plainly in sight, and where the roadway for vehicles was sixty feet wide, and the street was otherwise unoccupied, and the defendant, driving slowly along the street, was looking at some houses being built on the side of the street, and, without seeing the transit or knowing it was there, drove over the instrument and injured it, the court says:

"The street was unobstructed, except by the plaintiff's instrument. The defendant did not see the instrument, and he had no reason to expect to encounter an obstacle of that or any other character."

In the case of *Walkup v. May, supra,* which was a case

where the defendant's servant did not turn out of his road to permit plaintiff to pass him on the street, the court said:

"It [the verdict] does not show that Sharpe saw appelant before the accident, nor in time to have turned out for him. Neither does it appear that it was light enough for him to see him, nor that he was not on the lookout."

In the case at bar it was broad daylight. The street was obstructed. A man was standing on the obstruction, directing the plaintiff in the pit below how to do his work, and the appellant's servant must have known both that the pit was there, and that the man was standing on the embankment, because he had to drive against the embankment, three feet high, between the pit and a number of teams which were blocked. While he possibly could not have seen the plaintiff in the pit, yet, from the facts which were so apparent, he must have known that some person was there, and that his act was extremely dangerous to anyone that may have been in the pit.

It is further argued that the motion should have been sustained because the respondent's negligence contributed to the injury. This negligence is claimed because the barrels and boards placed on the embankment around the pit were unsecured, and respondent should have known that they were likely to be knocked down and fall into the pit. This also was a question for the jury. It does not necessarily follow that, because these barrels and boards were placed loosely around the pit, respondent must be held to know that they were likely to be knocked into the pit. They were placed on top of an embankment which was from two to three feet high, and which of itself was sufficient to lead one to suppose that teams would in daytime avoid it. The barrels and boards were out of the reach of ordinary travel upon the street, and one would naturally suppose that no one would drive upon or ordinarily go

upon the embankment so as to interfere therewith.   If the barrels and boards were so placed as to lead an ordinarily reasonable person to believe that no one would knock them down, it was not negligence for the plaintiff to go into the pit with barrels and boards so placed.   These conditions are entirely different from those surrounding a person standing upon a street where wagons and horses are passing, who pays no heed to the dangers and takes no care to avoid them, as was the case of *Evans v. Adams Express Co.*, 122 Ind. 362 (23 N. E. 1039, 7 L. R. A. 678), cited by appellant.   It was, therefore, not error to deny the motion.

There is no error in the record, and the judgment is affirmed.

REAVIS, C. J., and ANDERS and DUNBAR, JJ., concur.