Newman, J.
The liability of The White Oak Coal Company is based upon the wrongful and negligent acts of its servant. The company, however, is not liable unless the acts complained of were committed while the servant was acting within the scope of his employment. This is the test and the authorities agree upon this principle. Lima Ry. Co. v. Little, 67 Ohio St., 91.
*25 The company, therefore, is not answerable in damages unless Tribbey, who was operating the automobile at the time of the accident, was acting for the company and in the prosecution of its business. It is averred in the petition that he was operating the automobile as an employe of the company. This was an essential and material averment. All the other material averments of the cause of action were concededly established. The sole claim of plaintiff in error is that Tribbey was not acting within the scope of his employment. It was incumbent upon the plaintiff below to establish, by a preponderance of the evidence, that he was acting within the scope of his employment.
Defendant in error does not question the rule we have announced as to the test of liability, but insists that the question whether or not Tribbey was acting within the scope of his employment was one of fact properly left to the determination of the jury, and that there was evidence tending to establish this fact.
The circuit court, in affirming the judgment of the trial court, say: “The plaintiff below, having shown that the automobile was the property of the defendant and that Tribbey, the driver, was in defendant’s employ, the burden was then placed upon defendant to show that, at the time of the accident, Tribbey was acting outside the scope of his employment in a personal enterprise.”
Assuming that such a presumption did arise, the “burden,” so called, would not require defendant to do more than introduce evidence sufficient to countervail this presumption—it was not *26 required to overbalance or outweigh it. Klunk v. Hocking Valley Ry. Co., 74 Ohio St., 125.
But did such a presumption arise from the facts established by plaintiff below? The ownership of the automobile was established, and it was shown that Tribbey was operating the same at the. time of the accident and that he was an employe of the company. Is it to be inferred from these facts that Tribbey was acting within the scope of his employment? It was conceded that he was an employe, but was there any evidence offered by plaintiff tending to prove that he was an employe or servant employed in connection with the particular instrument which caused the death of the decedent? Not only was there no evidence in support of such a claim, but on the contrary it appears from the testimony of plaintiff’s own witnesses that Tribbey was a cashier or bookkeeper in the office of the company, and that the care, storage and repairs of the automobile were under the control of another employe—a traveling salesman, for whose sole use and purposes the same had been purchased.
Further, there was no evidence offered, on the part of plaintiff, tending to prove that Tribbey was operating the automobile, at the time of the accident, with the knowledge, consent or authority of the company, or that he had ever so operated it.
In addition to the cases cited by defendant in error, we have examined and considered a number of other “automobile cases,” and we find that in these cases, at the time of the accident, the automobile was in charge of a servant of the owner— *27 a chauffeur in most instances—whose duty it was to operate the automobile, and who was rightly . in the possession and use of the same with the consent, knowledge and authority of the owner. In these cases the courts do hold that the establishment of these facts raises the presumption' or inference that the person so in charge was acting within the scope of his employment, and it then becomes a question for the jury to determine, upon all the evidence in the case, whether or not this presumption has been overcome.
In the recently decided case of Reynolds v. Denholm, 213 Mass., 576, decided February 25, 1913, to which our attention has been called by counsel for defendant in error since the submission of the case at bar, it was admitted that the defendant owned the automobile, and that, at the-time of the accident, it was being operated by a chauffeur who was in the defendant’s employ. It further appeared that there was evidence tending to show that the chauffeur was employed to drive the automobile for the defendant’s family whenever they wanted to use it; that he slept in the house occupied -by the defendant and his family, but took his meals at another place, and had his laundry done at still another place; that both his laundry and meals were paid for by defendant as part of his. wages; that. he was allowed or suffered by the family, withou^ objection, to use the automobile to go to his meals and to get his laundry as he found it convenient, and, while going for his laundry in the automobile, he ran into and injured the plaintiff.
*28 In that case, the trial court, at the close of all the evidence, directed a verdict for the defendant. The supreme court of Massachusetts held that there was. error in this, and that whether the driver was acting within the scope of his employment at the time of the accident was a question for the jury. The case at bar presents an entirely different state of facts, and is clearly distinguishable from the Reynolds case.
In Cunningham v. Castle, 127 App. Div., 580, the trial court charged that the fact that the automobile, at the time of the accident, was in the possession of and driven by the chauffeur, with the owner’s permission, placed upon the owner the same degree of liability for the chauffeur’s negligence, if any, as would have been imposed upon him if the chauffeur were then engaged in the personal business of the defendant. The reviewing court held that this charge was erroneous and that a question of fact was presented upon the evidence, which was whether the chauffeur, at the time of the injuries complained of, was acting within the scope of his employment. But, in that case, it was established that the automobile, at the time of the accident, was being operated by the chauffeur with the knowledge and permission of the owner; in Stewart v. Baruch, 103 App. Div., 577, it appeared that the defendant was the owner of the automobile and that the chauffeur who was operating it was in his employ; in Cooper v. Knight, 147 S. W. Rep., 349 (Texas), the operator of the automobile was employed by the defendant, and his duties were to go after and deliver automobiles, and, at the time *29 of the accident, he was in the discharge of his duties; in Riley v. Roach, 168 Mich., 294, the automobile was in charge of the defendant’s chauffeur; in Shamp v. Lambert, 142 Mo. App., 567, defendant’s automobile, at the time of the accident, was in charge of his chauffeur, who was operating the automobile—the very act for which he was employed—and the court say: “The test for the prima facie responsibility of the master in such cases is not whether the particular service being performed was specially authorized, but it is whether the act which occasioned the injury was within the scope of the servant’s authority in prosecuting the business for which he was employed by the master;” in Moon v. Matthews, 227 Pa. St., 488, plaintiff’s evidence disclosed the fact that the automobile belonged to the defendant, and that, at the time of the accident, it was being operated by his regular chauffeur. “Under such circumstances,” the court say, “the burden was upon the defendant to show that the chauffeur was not acting within the scope of his employment, and upon the business for which he was employed by his master. The test is, whether the act was done in the prosecution of the business in which the servant was employed to assist. If it was, the master is responsible. * * * The present case, as made out by the evidence of the plaintiff, was sufficient to warrant a recovery. Whether or not it was overcome by the testimony offered by the defendant was for the determination of the jury.”
In the case at bar, while ownership in the defendant was established, yet there was no evi *30 dence tending to show that, at the time of the accident, the automobile was operated by a person employed or authorized to operate the same.
The facts in all the “automobile cases,” to which reference has been made, are easily distinguishable from the facts in the present case, and, in the other cases cited by counsel for defendant in error, it appears not only that the vehicle which caused the damage was owned by the defendant, but also that, at the time of the accident, the same was driven by a person who was either regularly employed for that purpose or who was driving the same with the consent and knowledge of the owner. Hayes v. Wilkins, 194 Mass., 223; Schulte v. Holliday, 54 Mich., 73; Rahn v. Singer Manufacturing Co., 26 Fed. Rep., 912; Kelton v. Fifer, 26 Pa. Super. Ct., 603. The rule announced in these cases is, therefore, not applicable to the case at bar.
There are some authorities which go to the extent of holding that where the plaintiff has suffered injury from the negligent management of a vehicle, it is sufficient prima facie evidence that the negligence is imputable to defendant, when it is shown that he is the owner of the vehicle, without even proving affirmatively that the person in charge is the defendant’s servant. This doctrine seems to meet with favor in a number of Pennsylvania cases, but in' the case of Lotz v. Hanlon, 217 Pa. St., 339, in which recovery was sought against the owner of an automobile for injuries resulting to plaintiff, where it was essential to a recovery that it be made to appear that the accident occurred while *31 the person in charge of the automobile was using it in the course of his employment and on his master’s business, and the only evidence as to that proposition was proof of' ownership of the machine in the defendant, the court say: “Ownership of the machine in cases of this character is at best but a scant basis for the inference that was here sought to be derived from it. It is allowed as adequate only when the attending circumstances point to no different conclusion.” In that case, evidence was offered by the defendant tending to prove that while the automobile was being operated by the chauffeur, the latter was not operating the same in any business of the master, and the court held that it was the duty of the trial court to direct a verdict for the defendant. Even in Pennsylvania, where such a rule seems to be adhered to, the presumption or inference is so slight that it is held to be the duty of the court to say whether such presumption has been overcome by the other circumstances in the case.
But this court is not in accord with the authorities which hold that a prima facie case of negligence is made against a defendant upon the mere showing that he was the owner of the negligently operated automobile. Such a rule would be unjust and would work hardships. An automobile may be in the possession of one who wrongfully appropriates it to his own use, yet, under that doctrine, if such person negligently operates it to the injury of a third person, a prima facie case of negligence would be imputed to the owner. *32 Nor do we think that proof of the additional fact that the operator was an employe of the owner raises a presumption of negligence against him; unless it appears that the duties of the employe are in connection with the automobile or that he was operating the same with the authority—express or implied—of the owner.
In the case at bar, plaintiff wholly failed to show that the employe had any actual authority to operate the automobile at the time of the accident, and the fact that he was an employe, employed in the capacity of bookkeeper, would not raise the inference that there was an implied authority to operate an automobile purchased for another employe for his use and purposes and in another department or branch of the business, and there being no evidence in support of this essential averment of the petition, namely, that Tribbey was operating the automobile as an employe, the motion of defendant for a directed verdict in its-favor, at the close of plaintiff’s evidence, should' have been sustained.
Plaintiff’s case was not strengthened by the evidence offered on the part of defendant. The general sales manager of the company, who employed Tribbey, testified that Tribbey’s duties were absolutely in the office, that he was not authorized to use the automobile, and another officer of the company testified along the same lines. Tribbey related the circumstances under which he was using the automobile at the time of the accident. He testified that he was not using it in connection with any business of the company or in the performance of any of his duties as an *33 employe; that the company had no knowledge of the fact that he was using it and that on other occasions—on evenings and . on Sundays—when he had used it, it was for his own personal business or pleasure, and the use was without the knowledge or consent of the company.
The suggestion is made by defendant in error that, inasmuch as Tribbey, at the time of the accident, was driving the automobile for the purpose of ascertaining whether it needed repairs before he used it for his own personal business and that such' an inspection might result in a benefit to his employer, he, therefore, was acting in the interest of the company. There is not even an intimation that this bookkeeper had any authority to inspect this automobile, so that whatever was done by him was done voluntarily. In answer to such a claim, it is necessary only to call attention to the language of the court in Lima Ry. Co. v. Little, 67 Ohio St., 91, at page 101: “A master has the right to select and choose his agents and to determine himself, and assign to the servants so selected, their respective duties, and no assumption by an employe of duties not assigned to him will bring those duties within the course or scope of his employment as defined by the master, and when an act is not within the 'Scope of a servant’s employment it cannot be within either the express or implied authorization of the master.” ■
For the reasons given, we conclude that defendant’s motion, at the close of plaintiff’s evidence, for a verdict, which motion • was 'renewed at the close of all the evidence in- the-' case, should *34 have' been sustained. The judgments of the circuit and superior courts are reversed, and judgment is here rendered for plaintiff in error.

Judgments reversed.

Shauck, C. J., Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.