## William J. Hayes by Elizabeth J. Casey, Appellee, v. Marshall E. Sampsell, Receiver of Chicago Union Traction Company, Appellant.

### Gen. No. 21,001.

1. CARRIERS, § 314*—*when nonpayment of fare not a defense in action for injury to person on car.* In an action to recover for personal injury to a ten-year-old boy, owing to the negligent operation of defendant's electric car, where it appeared that plaintiff boarded the car at the invitation of the motorman and rode thereon for some distance without paying fare, a judgment for plaintiff *held* not erroneous, for the reason that in such case the only question is whether plaintiff was lawfully on the car, and it is not a defense that plaintiff paid no fare.

2. CARRIERS, § 314*—*when liable for injury to child boarding car on invitation of motorman.* In an action to recover for personal injury to a boy, where it appeared that plaintiff boarded defendant's electric car at the invitation of defendant's motorman, such invitation was an act within the scope of such motorman's employment, although

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

such motorman may have acted contrary to defendant's orders, and may have been answerable for disobedience of defendant's rules, for the reason that such act of such motorman could not affect the status of plaintiff on defendant's car or render his presence thereon unlawful.

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 15, 1915. Rehearing denied November 29, 1915.

JOSEPH D. RYAN and FRANK L. KRIETE, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

THOMAS E. ROONEY and FERDINAND GOSS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

William J. Hayes, the plaintiff, by his next friend, recovered in the Superior Court a judgment, entered upon the verdict of a jury, against the defendant for $5,000, and defendant appeals.

The several counts of the declaration charge in some that plaintiff was a passenger and in others that he was lawfully upon the car from which he was thrown by its jerking upon starting after having slowed down, and was thereby injured. The general issue was the only plea filed by defendant. No questions arise upon the pleadings or as to the amount of the damages awarded. Defendant admits in its brief the negligence charged in the following words: "As to the question of defendant's negligence, it is not contended that the verdict, as to that issue, is against the manifest weight of the evidence."

The right to a reversal is predicated upon the contention that plaintiff was a trespasser; that all the duty defendant owed him was not to wantonly or wilfully injure him, and that there is no evidence that plaintiff was injured through any wilful or wanton conduct on the part of defendant. But that is not the theory of plaintiff's case or of defendant's liability.

While plaintiff was not a passenger for hire, still he was not a trespasser. We think the evidence conclusively proves that plaintiff was lawfully upon the car at the time he was injured. The facts which so demonstrate are not in dispute.

Plaintiff at the time was a little past his tenth year. His stepfather was a conductor on one of defendant's cars. The little fellow had been in the habit of carrying to his stepfather his midday meal and in that way had formed, in boy fashion, a speaking acquaintance with some of defendant's conductors and motormen. On the day of the accident, which happened after school between four and five o'clock in the afternoon, plaintiff came out of a grocery store on the southeast corner of Francisco and Van Buren streets, when the motorman of the car from which plaintiff was thrown called to him, "Come here. What are you doing there?" Evidently regarding this as an invitation to board the car and take a ride with the motorman, plaintiff got upon the car and stood upon the first step. Boy like, he talked with the motorman, and among other things told him that he lived on Mozart street and asked him to stop there. Plaintiff continued to ride upon the step to the middle of the block, when the car slowed down and then started again with a sudden jerk, which threw plaintiff off the step of the car. He was thrown to the roadway and the car ran over his right arm, so badly injuring it that it had to be amputated.

As plaintiff was lawfully upon the car at the time of the accident, defendant is liable in damages for the injuries to plaintiff, resulting from the negligence of which it is confessedly guilty.

The fact that plaintiff paid no fare and did not intend doing so, does not affect the right of recovery, if he was lawfully on the car. As said in the early case of *Ohio & M. R. Co. v. Muhling*, 30 Ill. 9: "When a person is upon a train, under such circumstances

(without having paid his fare), the only inquiry is, whether he was lawfully there, and not whether he had paid his money for the privilege. So that, in point of fact, it can make no difference in this case whether plaintiff in error had paid for his passage, or whether he was there by permission, to be carried without compensation, as it does not appear that it was unlawful.''

There are many decisions akin to the case at bar involving accidents to children occasioned by such children riding upon cars at the invitation of those in charge and without the payment of fare.

*Wilton v. Middlesex R. Co.*, 107 Mass. 108, was a case of a nine-year-old girl, who, with others, boarded the defendant's car at the invitation of the driver and did not pay any fare, and was injured. It was conceded that the little girl was not a passenger for hire and that the driver had no authority to take her upon the car and carry her, unless such authority is to be implied from the fact of his employment as driver, and the court say: "Upon these facts, it is clear that it would be competent for the jury to find that the beckoning by the driver was intended and understood as an invitation to the plaintiff to get upon the car and ride. In accepting this invitation and getting upon the car, we think she was not a trespasser, there being no evidence of collusion between her and the driver to defraud the corporation.''

While defendant's motorman may have acted contrary to orders, still it was an act in the course of his employment, notwithstanding he may have been answerable to defendant for disobedience of its rules. Such conduct could not affect the status of plaintiff with the defendant or detract from the fact that he was lawfully upon its car. *Cleveland, C., C. & St. L. R. Co. v. Best,* 68 Ill. App. 532.

*Brennan v. Fairhaven & W. R. Co.,* 45 Conn. 284, was a case similar in fact and principle to the one at bar, in which the plaintiff, a boy of about the same age

as the plaintiff here, had not paid his fare. In *Drew
v. Sixth Ave. Ry. Co.*, 26 N. Y. 49, the plaintiff was an
eight-year-old boy riding free at the invitation of a
brakeman. A recovery was had and sustained. *Pittsburg, A. & M. Passenger Ry. Co. v. Caldwell*, 74 Pa.
St. 421, is a case where a very immature child, in the
charge of a girl eleven years of age, was riding on a
street car, neither of them having paid or intending to
pay their fare, the ride having been solicited of the
driver by the older girl. There was a recovery in the
trial court, which was affirmed on review. *Evansville
St. Ry. Co. v. Meadows*, 13 Ind. App. 155, is in all its
essential particulars of law and fact akin to the case
at bar.

There are no errors in the court's instructions to
the jury. Instruction No. 1 proffered by defendant
was properly refused, as it erroneously stated as the
law that if plaintiff had not paid his fare and did not
intend to do so, he could not recover.

The judgment of the Superior Court being without
error, is affirmed.

*Affirmed.*