ROBERT EDGEWORTH v. THEODORE F. WOOD, TREASU-
RER OF THE UNITED STATES EXPRESS COMPANY.

58  463
66E 418

1. The United States Express Company is a joint stock company or association formed under the laws of the State of New York, which expressly authorize any such company or association to sue and be sued in the name of its president or of its treasurer. *Held*, that the company possesses such corporate existence and powers that it does not fall within the provisions of the supplement to the Practice act of May 23d, 1890 (*Gen. Stat., p.* 2592), and an action may be maintained against it in this state in the manner prescribed by the laws of New York, viz., in the name of its treasurer.
2. Whether an aggregation of individuals, formed by law in an artificial body, is a corporation or not, is to be determined rather by the faculties and powers conferred upon the body than by the name or description given to it.
3. Plaintiff was injured by being run over, in a public street, by a wagon drawn by two horses. The evidence showed that the United States Express Company had a stable in the vicinity in which were stabled the horses which drew over one hundred wagons employed in the business of the company, which wagons were painted in a peculiar manner and marked with the name of the company and a particular device used by it. *Held*, that evidence that the wagon which ran over plaintiff was so painted and marked was sufficient to justify the inference that the company was its owner, and upon such inference established *prima facie* that the company was in possession and control of the wagon by the driver as its servant.

---

On rule to show cause.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the rule, *Gilbert Collins.*

*Contra, Flavel McGee.*

The opinion of the court was delivered by

MAGIE, J. This is an action in tort in which plaintiff seeks to recover damages for injuries suffered by him by reason of his being run over, in a public street in Jersey City,

by a wagon of the United States Express Company, negligently driven by a driver in the employ of that company. The jury having rendered a verdict for plaintiff, this rule to show cause why the verdict should not be set aside was allowed. Several reasons were filed in support of the rule but only three have been urged in the argument. These only will be considered.

It is first contended that neither plaintiff's declaration nor the evidence produced by him discloses any liability on the part of Theodore F. Wood, treasurer of the United States Express Company, to answer for plaintiff's injuries, if inflicted as he claimed.

Plaintiff claims to have made out his case, in this respect, in the following manner : He produced proof that the United States Express Company was an association organized April 22d, 1854, under the laws of New York, and having a principal place of business in the city of New York, and that Thomas C. Platt was its president and Theodore F. Wood its treasurer. He put in evidence chapter 238 of the laws of New York for the year 1849, and sections 1919, 1924 of the New York code of civil procedure, whereby it appeared that any association thus organized was expressly authorized to sue and to be sued in the name either of its president or its treasurer for the time being. Upon this he contends that he is entitled to an action against Wood, as treasurer, and as Wood is a resident of New Jersey, and was served with process here, that our courts, by comity, will recognize the liability to suit imposed by the laws of New York.

In opposition to this, it is contended on the part of defendant that if it be conceded that our courts will, by comity, adopt and enforce remedies against such associations, in the mode prescribed by the law of the state under which they came into existence, yet if the law of this state has furnished a mode of procedure by which remedies against such associations may be enforced, the rule of comity ceases and the mode of procedure provided by our laws must be pursued. The supplement to the Practice act, approved May 23d, 1890 (*Pamph. L.*, p. 353 ; *Gen. Stat.*, p. 2592, § 342), is conceived

by counsel to have furnished a mode of procedure under which this action could have been maintained against the United States Express Company.

By that act it is enacted that any " unincorporated company, stock company or association," consisting of two or more persons united for business purposes and having a recognized name, may be sued by that name in any action affecting the common property or the joint rights and liabilities of such company or association. Provision is made for the service of process and for the issue of an execution upon judgment in the same manner as upon judgments against corporations. If the United States Express Company is an unincorporated association, within the meaning of the act, it would seem that plaintiff could have brought his action under that act.

Questions concerning the nature of associations formed under the laws of New York, such as the United States Express Company, have been frequently considered in the courts of that state. The act of 1849 speaks of them as joint stock companies or associations. By its certificate, this company calls itself a joint stock company.

In the earliest case to which my attention has been directed, the question requiring solution was as to the relation between a shareholder and such a company. After an exhaustive review of the New York statutes on the subject, Judge Barnard declared that such companies had all the qualities of corporations, except that of having a common seal. His conclusion was that in a controversy between a shareholder and the company, he was not to be considered as a partner in a partnership, but the courts must deal with his relation following the analogy of the law of corporations. *Waterbury* v. *Merchants' Union Express Co.*, 50 *Barb.* 157.

In a later case, an action was brought by a shareholder in the same company against Fargo, its president, to recover for the loss of articles entrusted to it for transportation. The defence was that the owner of an interest in the company could not maintain such an action against it, which it was

claimed was like an action by a partner against the partnership. The action was sustained by the court below. *Westcott* v. *Fargo, President*, 6 *Lans.* 319. Upon appeal, the opinion was delivered by Dwight, one of the Commissioners of Appeal. Upon a review of the statutes, he declared that the president or treasurer of one of these joint stock companies or associations was to be regarded, for the purposes of an action against the company, substantially as a corporation sole; that such companies possessed some powers and privileges of corporations not possessed by individuals or partnerships, and that an action upon a liability of the company might be maintained by one of its members. *Westcott* v. *Fargo*, 61 *N. Y.* 542.

Later, the United States Express Company, the very company whose officer is here sued, objected to the imposition of a tax upon its corporate franchises and business computable upon its capital stock, under an act taxing corporations, joint stock companies and associations incorporated or organized under any law of the state. Its contention was that it was neither so incorporated nor organized. The right to impose the tax was sustained, Judge Danforth saying: " The agreement which brought many persons into one artificial body was so framed as to accomplish that end, and in proposing to conduct its affairs by the power given to it in the mode prescribed by the legislature, they must be deemed, for the purposes of the act in question, to be incorporated—that is, formed or united under the law of the state, whether the artificial body be termed a corporation, a joint stock company or association." *People, ex rel. Platt*, v. *Wemple*, 117 *N. Y.* 136.

Questions have also arisen respecting the right to remove to the federal courts actions between the president or treasurer of such companies and other persons.

In New York, it was held, in a suit by Fargo as president of such a company organized in New York, that the company was to be considered like a corporation, a citizen of New York, and the action was removable to the United States court, if the other party was a citizen of another state. *Fargo* v. *McVicker*, 55 *Barb.* 437.

In the United States Circuit Court for the District of Michigan, Judge Brown (now justice of the Supreme Court) held that such a company formed in New York was to be deemed a citizen of New York without regard to the citizenship of its members. *Maltz* v. *American Express Co.*, 1 *Flip.* 611.

In another case in the federal courts, the action was brought by Fargo as president of such a company against a citizen of a western state, and Judge Gresham held that such a company was a citizen of New York and could maintain an action in those courts, notwithstanding the fact that some of its shareholders were residents of the state in which the defendant resided. *Fargo* v. *L. N. A. & C. Ry. Co.*, 6 *Fed. Rep.* 787.

In the case last cited and in some of the other cases, the conclusion reached has not been deemed invalidated by the fact that some of the New York statutes speak of such companies and associations as unincorporated.

In *Liverpool Ins. Co.* v. *Massachusetts*, 10 *Wall.* 566, the Supreme Court of the United States held that an English joint stock association, which was endowed with certain corporate powers, must be considered by our courts to be a corporation, notwithstanding the acts of parliament declared that such associations should not be held to be corporations.

Whether an aggregation of individuals united in an artificial body is a corporation or not is to be determined rather by the faculties and powers conferred upon the body than by the name or description given to it.

Upon this review, I have reached the conclusion that the United States Express Company is a corporate entity, empowered to sue and be sued, not, as is usual, in a corporate name, but in the name of designated officers. To such a corporation the act of 1890 does not apply, and this action was therefore properly brought against Wood as treasurer, whose *status* in the suit is not that of an individual but of a representative of the company.

This reason cannot, therefore, prevail.

It is next contended that there was no sufficient evidence

that the driver of the horses which collided with the plaintiff was the servant or agent of the express company for whose negligence the company would be liable.

Upon this subject the evidence showed that the United States Express Company was engaged in the business of transporting express matter over railroads running out of Hoboken and also over railroads running out of Communipaw. It maintained a stable situated in the vicinity of the place at which plaintiff was injured, in which were stabled the horses which drew over one hundred wagons belonging to the company. Those wagons were painted in peculiar colors and had upon their sides the name of the company and a device, which one of the witnesses calls its trade-mark.

All the witnesses who saw the accident and noticed the wagon which ran over plaintiff unite in declaring that it was painted as were the wagons of the company and that it was marked with the company's name and device. Considering the great improbability that any other owner of a wagon would thus paint and mark it, a plain inference could be drawn from the evidence that the wagon in question was in the ownership of the company. If that inference be drawn, it is sufficient to establish *prima facie* that the wagon being owned by the company, was in its possession, and that whoever was driving it was doing so for the company.

In an action for an injury to a boat of plaintiff by a collision with a barge, there was evidence that the barge was marked by the defendant's name and number, and it was contended that this was not sufficient to show that it was navigated by defendant's servant, as it might have been taken by some one else or have been on hire. But Lord Denman, at *Nisi Prius*, held that the fact that the barge was owned by defendant was *prima facie* evidence that the bargeman was his servant, and cast on defendant the burden of proving it was otherwise controlled. *Joyce v. Capel*, 8 *Car. & P.* 370.

Proof of the ownership of a runaway pair of horses in defendant was held in New York to be sufficient to justify a jury in finding the persons who were in charge of the horses

when negligently permitted to escape were defendant's servants. *Norris* v. *Kohler*, 41 *N. Y.* 42. A like view was taken in *Srenson* v. *Atl. M. S. Co.*, 57 *Id.* 108.

Evidence less forcible than that before us has been held to be *prima facie* sufficient to charge a master. *Pittsburg, Fort Wayne and Chicago Railway Co.* v. *Callaghan*, 41 *N. E. Rep.* 909 ; *Schulte* v. *Holliday*, 19 *N. W. Rep.* 752.

The verdict should not be disturbed for this reason.

It is lastly contended that the verdict is against the weight of evidence.

This contention is put on this ground : The wagon which ran over plaintiff was drawn by two horses. The company used only two such wagons in the transaction of what was called Jersey City business ; that is, in delivering express matter from Hoboken and Communipaw in that city or carrying such matter from that city to those points. The drivers of those wagons testified that plaintiff was not injured by their wagons.

But this contention overlooks the fact that the company employed many other wagons drawn by two horses, and that there was evidence from which the jury might find that such other wagons were sometimes used by the company in carrying express matter about or through Jersey City.

The rule to show cause should be discharged.