BERTRAM H. SAUNDERS v. ADAMS EXPRESS COMPANY.

Argued April 30, 1904—Decided May 9, 1904.

1. The name by which a joint stock association is to be sued is a question of procedure, and is regulated by the law of the forum.
2. A joint stock association, existing under the laws of New York, may be sued in our courts by its recognized name, although under the New York Code of Procedure the suit should be brought either against the president or treasurer by name, or against the associates individually.

3. Service of the summons in such a case may be made upon an agent of the organization; it is not necessary that he should be the general agent in charge of the whole business of the organization.

On rule to show cause why service of a summons should not be set aside.

Before SWAYZE, J.

For the motion, the attorney-general (*Conover English,* on his brief).

For the plaintiff, *Preston Stevenson.*

The opinion of the court was delivered by

SWAYZE, J. In this case I allowed a rule to show cause why the service of a summons should not be set aside, and made the rule returnable before me at Chambers. Depositions were taken and the matter argued in pursuance of the rule.

The ground relied upon for setting aside the summons is that the defendant is not a corporation, but a joint stock association organized under the laws of New York, and it is contended that the suit should have been brought against the president or treasurer by name, pursuant to the provisions of the New York code authorizing that procedure.

The case of *Edgeworth* v. *Wood,* 29 *Vroom* 463, was relied upon.

In that case an action was brought against "Theodore F. Wood, treasurer of the United States Express Company," for a tort for which the express company was liable. After verdict for the plaintiff it was argued, upon a rule to show cause, that the action should have been brought against the United States Express Company by that name, under our statute authorizing suit against unincorporated organizations by their recognized name.

The only question actually presented was whether a cause

of action which existed against the organization could form the basis of a suit in name against one of its officers, and the proceedings were sustained because the procedure was that provided by the New York statute. I do not understand that the court decided that it would have been improper to have sued the express company by its recognized name. On the contrary, the reasoning of the court was that the express company was, by virtue of the New York statutes, a corporate entity, and that the *status* of Wood was that of a representative of the company.

The construction adopted by the court was based upon a New York statute, chapter 258 (238 in the report is evidently a misprint) of the laws of 1849, and upon two sections of the Code of Procedure, which statutes were put in evidence. In the present case later statutes were put in evidence by counsel for the plaintiff, and it now appears that the act of 1849 was repealed in 1880 (chapter 245).

The history of the New York legislation is important. The act of 1849 provided that any joint stock company or association might sue and be sued in the name of the president or treasurer, but reserved to the plaintiff the right, after judgment against the association, to sue all or any of the shareholders individually, and also the right to proceed, in the first instance, against the persons constituting the joint stock company or association.

In 1853 (by chapter 153 of the statutes) it was made obligatory to proceed, in the first instance, against the president or treasurer, and only in the event of a judgment and an execution returned unsatisfied, could an action be brought against the shareholders or associates individually. This act, also, was repealed in 1880 (chapter 245).

The present Code of Civil Procedure, by section 1919, authorizes suits against the association in the name of the president and treasurer, as by the act of 1849, but in sections 1922 and 1923 modifies the act of 1853 so that it is no longer obligatory to bring suit in the first instance against the president or treasurer. The plaintiff is given his choice to bring

a suit against the association, in the name of the president or treasurer, or to bring his suit against all the members of the association. As was said by Judge Finch, in *People, ex rel. Winchester,* v. *Coleman,* 133 *N. Y.* 279; 31 *N. E. Rep.* 96, 97:

"Permission to sue their president or treasurer is only a convenient mode of enforcing that liability, but in no manner creates or raises it. The statute of 1853 did interfere with it. That act required, in the first instance, a suit against the president or treasurer, and so a preliminary exhaustion of the joint property. But that act was modal and determined the procedure. It suspended the common law right, but recognized its existence. We so held in *Witherhead* v. *Allen,* 4 *Abb. Dec.* 628, and at the same time said that the associations were not corporations, but mere partnership concerns. Even that mode of procedure has been modified by the code so that the creditor, at his option, may sue the association, without first bringing his action against the president or treasurer."

In view of the fact that the plaintiff has this option in the State of New York, we certainly cannot hold that he is limited in New Jersey to the method of procedure prescribed by the act of 1853. That procedure is permissible in this state only by comity; such a procedure could not be made obligatory by private contract. *Bank of Toronto* v. *Manufacturers' and Merchants' Fire Association,* 34 *Vroom* 5, 12.

As it has not been made obligatory by the laws of New York, it ought not to be made obligatory in this state, especially as it is not in harmony with our modes of procedure.

The question of the party to be sued is one of procedure, and is regulated by the *lex fori.* *Harker* v. *Brink,* 4 *Zab.* 333; *General Steam Navigation Co.* v. *Guillon,* 11 *Mees. & W.* 877; *Bullock* v. *Caird, L. R.,* 10 *Q. B.* 276; *S. C.,* 44 *L. J., Q. B.* 124.

Our statute has provided a method of suing unincorporated associations by their recognized names, and we are not bound, even though it is permissible by way of comity, to follow one

of the methods of procedure sanctioned by the New York statute, to the exclusion of the method of procedure provided by our own statute.

Since it is not obligatory upon the plaintiff to bring his suit against the president or treasurer, it can make no difference, for the present purpose, whether we regard the defendant as an unincorporated organization (*Chapman* v. *Barney*, 129 *U. S.* 677; *Jones* v. *Great Southern Hotel Co.*, 177 *Id.* 449); a partnership with some of the powers of a corporation (*People, ex rel. Winchester*, v. *Coleman*, 133 *N. Y.* 279; or as a corporation (*Edgeworth* v. *Wood*, 29 *Vroom* 463; *Tide Water Pipe Co.* v. *Assessors*, 28 *Id.* 516; *S. C.*, 30 *Id.* 269).

If the defendant is an unincorporated organization or a partnership with some of the powers of a corporation, it can be sued by its recognized name, under section 40 of the Practice act. *Pamph. L.* 1903, *p.* 545.

If it is a corporation it can, of course, be sued by its corporate name, and whether that name is Adams Express Company or "Levi C. Weir, president of the Adams Express Company," is of little consequence, if the summons has been actually served in the manner pointed out by the statute. The defect, if one existed, would be amendable.

Section 40 of the Practice act requires service, in the case of an unincorporated organization, to be made "on the president or any other officer for the time being, or the agent or manager or person in charge of the business of such organization." This is to be read as if there were a comma after "agent," after "manager" and after "business," and service upon an agent of the organization is enough. This construction is borne out, I think, by the language of the act of 1890, of which section 40 is a revision. That act provided for service upon "the president, or on any officer for the time being of such company or association, or on the agent or manager of such company or association, or upon any person being in charge of the business of such company or association." The revision of 1903, section 40, I think conveys the same meaning in fewer words. It would introduce a change

which the revisers could hardly have intended to hold that the agent upon whom process is to be served must be the general agent in charge of the whole business of the organization.

The evidence in this case fails to disclose what the relations of Cawley, the agent in charge of the defendant's office in Trenton, and Neice, the route agent, upon whom process was served, were to the company. The defendant's testimony was confined to showing the character of the association and the names of its president and treasurer. The same question has, however, been presented to me in a case in the Mercer Circuit (Taylor Provision Company *v.* Adams Express Company), which I am about to decide, and if I thought it would change the result I would . permit the defendant to take further depositions to prove the facts which appeared in the case in the Circuit. I do not think it would change the result, for although those depositions showed that Cawley was only a local agent at Trenton, they further showed that the plaintiff in that case had been referred to Cuyler, the general counsel of the company, by Murphy, the superintendent of the Atlantic division, and that Cuyler had written to the plaintiff's attorney that Cawley was authorized to accept service of a summons and declaration.

I think the service of the summons was properly made if the defendant is an unincorporated organization.

The same service would be effectual under section 88 of the Corporation act (*Pamph. L.* 1896, *p.* 305), if the defendant is a corporation.

It can make no difference that the summons and declaration describe the defendant as an unincorporated organization. If it is in fact a corporation, these· words may be rejected as surplusage.

The motion to set aside the summons is denied, with costs.