ELLA RODINAN, DEFENDANT IN ERROR, v. THE NORTH JERSEY STREET RAILWAY COMPANY AND CHARLES G. WOELPPERS, PLAINTIFFS IN ERROR.

Argued February 25, 1904—Decided November 7, 1904.

Where the proofs are that a trolley car was driven past a barrel wagon moving in the opposite direction; that the wagon had projecting sides; that the condition of the roadway was such that a lurch of the wagon might reasonably be anticipated, and that the space between the two vehicles at the time and place of passing was not sufficient to prevent the car from being struck, it was not error to refuse to nonsuit the plaintiff or to deny a motion to direct a verdict for the defendant company.

---

On error to the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the North Jersey Street Railway Company, plaintiff in error, *Vredenburgh, Wall & Van Winkle.*

For Charles G. Woelppers, plaintiff in error, *William S. Stuhr.*

For the defendant in error, *Robert Carey.*

The opinion of the court was delivered by

GARRISON, J.   This is an action for personal injuries re-sulting to the plaintiff from a collision between a barrel wagon and a car of the North Jersey Street Railway Com-pany, in which plaintiff was riding as a passenger.  Suit was brought against the company as the owner of the car and against Woelppers as the master of the driver of the wagon.

At the time of the collision the car and the wagon were moving in opposite directions.  The fact that they collided is conclusive proof that the degree of care adequate to prevent that result had not been exercised.  Whether reasonable care would have prevented the collision was left to the jury.  The master of the driver of the wagon has no grounds to complain of the submission of this question to the jury.  On behalf of the defendant company, it was contended that no negligence of its motorman had been shown, and hence that the trial court erred in refusing to nonsuit the plaintiff or to direct a verdict for the defendant.  The testimony was that the car was driven past the barrel wagon, both being in motion; that the wagon had flaring or projecting sides; that the condition of the roadway was such that a lurch or swerve of the wagon might reasonably have been anticipated, and that the space between the two vehicles at the time and place of passing was not sufficient to prevent the car from being struck, prob-ably, by an overhanging barrel.  In this state of the proofs it was certainly a permissible inference that if the car had been stopped it would not have been struck.  The drawing of this inference, as well as the application of the rule respecting reasonable care, is a jury function, hence the court did not err in denying the defendant's motion.  The asseveration of counsel that if the car had been stopped the collision would not have been averted rests upon no proof, and, regarded as an inference from the proofs, it is properly addressed to the jury.   The judgment against the defendant company is affirmed.

The main contention of the other defendant is that he was not the owner of the wagon that bore his name, and hence

not the master of the driver. This raised a question of fact. *Edgeworth* v. *Wood,* 29 *Vroom* 463. There was conflicting testimony. The jury decided that the defendant was the owner and master. No question of law was involved. The judgment against Woelppers is also affirmed.