## W. W. FULLER v. J. A. PRYOR ET AL.

Decided November 6, 1909.

**Promissory Note—Maturity—Contingency.**

A promissory note was executed for a certain amount payable at a certain time, but contained the stipulation that it was to "remain in full force until paid according to the contract under which it was given." The contract referred to was for the sale of an interest in a mill and gin company, the vendees being the makers of the note above referred to, and, after providing that the vendees should be allowed to make certain improvements in the property, contained the following provisions: "It is further agreed and understood by the parties of the first part (the payees in the note) that after the above, together with the operating expenses, have been paid, and not until then, shall they have any claim on the net earnings of the plant . . . the same to be paid as the net earnings of.the gin may be able to pay them as per face of note." In a suit upon the note, held, that the petition was not subject to a demurrer because it did not allege that there were net earnings which could be applied to the payment of the note. The instruments should be construed together, and when so construed the right to pay out of the net earnings was only a privilege granted to the payers to pay such earnings on the contract at any time before the maturity of the note, and said amount not having been paid at or before the due date named therein, it became a certain demand for money and the makers were liable therefor.

Appeal from the County Court of Collin County. Tried below below Hon. John Church.

*R. L. Merritt* and *L. J. Truett,* for appellant.—Where a note and a collateral contract are executed contemporaneously and form one transaction, the same will be construed as one contract; and where the note provides a day certain for the payment thereof and the contemporaneous agreement recites that the consideration of same is said note, and said contemporaneous agreement provides that said note is to be paid out of a certain fund per face of the note, and that fund fails or is not sufficient to pay the note per its face, then said note becomes a money demand upon the day it matures according to its face. Atterbury v. Biggerstaff, 36 Texas, 177; 1 Randolph, Com. Paper, 152; Odione v. Sargent, 6 N. H., 401; 7 Am. & Eng. Ency. Law, p. 123; Hill v. Still, 19 Texas, 84; Bummel v. City of Houston, 68 Texas, 12.

*Abernathy, Abernathy & Abernathy,* for appellee.—An agreement to pay a specific sum of money on a certain day out of the net earnings of a gin plant is not a promissory note. An agreement to pay a specific sum of money payable on a certain day out of the net proceeds, after paying for the improvements and operating expenses is an agreement payable on a contingency. Recovery can not be had of a sum payable on a contingency without showing that the contingency has arisen. Worden v. Dodge, 47 Am. Dec., 247; Helton v. Wells, 40 N. E., 930; Hays v. Lapeyre, 35 L. R. A.; 647; First National Bank v. Lightner, 8 L. R. A. (N. S.), 231; Hill v. Cohen, 60 S. W., 922; Thompson v. Mercantile Company, 66 Pac., 595; Joseph v. Catron, 1 L. R. A. (N. S.), 1120; Kinney v. Lee, 10 Texas, 155; 4 Am. & Eng. Ency. of Law (2d ed.), p. 87.

RAINEY, Chief Justice.—Appellant brought suit against appellees to recover on certain obligations and to foreclose a lien on certain platform scales. The obligations sued on are made exhibits and are as follows:

"Exhibit 'A.'
"$248.00.                                                      Aug. 15, 1906.
"On or before December 1, 1907, after date, for value received we promise to pay to W. W. Fuller or order Two Hundred & Forty-Eight Dollars at Callis, Texas, without interest. This note is to remain in full force until paid according to the contract under which it was given. J. A. Pryor, J. W. Brock, C. J. Frazier."

"Exhibit 'B.'
"To whom it may concern: This is to certify that we, the undersigned party of the first part, for and in consideration of certain promissory notes of even date herewith have this day bargained, sold and turned over all our rights, interests and claims in the Union Mill and Gin Co. to John Pryor, Jet Frazier and J. W. Brock, parties of the second part, on the following terms, to wit: The party of the second part shall be allowed to put in the following improvements, to wit: One 20 horsepower gasoline engine, one 80-saw ginstand, two 80-saw condensers, friction tramper double box revolving press, corn mill for grinding meal, and all belts, pulleys, shafting and all necessary fixtures to successfully operate a two 80-saw gin and mill; and it is further agreed and understood by the parties of the first part that after the above, together with the operating expenses, have been paid, and not until then, shall they have any claim on the net earnings of the plant. It is understood and a lien is hereby given by the party of the second part in favor of the party of the first part on all the entire gin and mill plant until all the promissory notes above referred to have been fully paid. The same to be paid as the net earnings of the gin may be able to pay them as per face of the note," said instrument signed by the same parties as the note. The petition also alleged the burning of the property, except the platform scales; that the obligation was due, demand, nonpayment, etc.

The defendants filed a general demurrer to said amended petition and also special demurrers as follows: (a) Because plaintiff declares upon a note of $248 based upon a contract and alleged that the same was to be paid out of the net earnings of the gin for which said note was given and plaintiff nowhere alleged or claimed that there were any net earnings of said gin. (b) Because plaintiff has not set out the terms of said contract and nowhere alleges that the condition on which said note is based has been performed by him or that such condition or contingencies have arisen which makes said note due and payable. (c) Defendants further except to said amended petition because plaintiff does not set up any right to the money derived from the insurance, and does not set up that there were any funds or assets in these defendants' hands after payment of the costs of such new improvements and operating expenses. (d) Because the

petition on its face shows that the proper parties are not before the court.

The general demurrer and all of said special demurrers were sustained by the court and plaintiff excepted and the court dismissed said cause and plaintiff excepted, and brings the cause here for review.

The contention of appellees, and the one upon which the court acted, is in effect, that the provision relating to the payment of the obligation out of the net earnings of the gin is a contract to pay only out of said earnings, and said petition showing no such earnings it is subject to demurrer. We can not agree to this contention. It is true said instruments constitute one contract and must be construed together, but so construing them we are of the opinion that the right to pay out of the net earnings was a privilege granted to the defendants to pay such earnings on the contract at any time before the date said amount was to become due and payable specified in the contract, to wit: December 1, 1907. Said amount not having been paid on or before said date, it became a certain demand for money and the parties are liable therefor. Bummel v. City of Houston, 68 Texas, 10-12; Atterbury v. Biggerstaff, 36 Texas, 177.

The petition stated a good cause of action and the court erred in sustaining the demurrer. The judgment is reversed and cause remanded.

*Reversed and remanded.*