### SHRADER v. ROBERTS. (No. 8891.)

(Court of Civil Appeals of Texas. Dallas. Oct. 13, 1923. Rehearing Denied Nov. 10, 1923.)

1. **Master and servant ⬳330(3)—On proof of ownership of automobile and employment of driver it may be inferred driver acted within scope of employment.**

Proof of defendant's ownership of the automobile causing plaintiff's injury and the driver's employment by defendant, together with evidence that the injury was the direct and proximate result of the driver's negligence, is sufficient to establish a prima facie case; the inference being in the absence of proof to the contrary, that the driver was acting within the scope of his employment.

2. **Pleading ⬳382(1)—General denial admits any defensive proof in mere rebuttal of facts essential to sustain plaintiff's allegations.**

A general denial admits any competent defensive proof in mere rebuttal of facts essential to sustain plaintiff's allegations, as distinguished from matters in avoidance, which must be specially pleaded.

3. **Master and servant ⬳329—Evidence driver of automobile was pursuing own errand admissible under general denial.**

In an action for injuries in a collision between an automobile driven by defendant's serv-ant and one in which plaintiff was riding, evidence that the driver of defendant's car was pursuing his own errand, which was unauthorized by defendant and unrelated to the employment, *held* admissible under a general denial as in direct rebuttal of a fact essential to plaintiff's prima facie case.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

Suit by Modena Roberts against V. J. Shrader. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A. H. Mount, of Dallas, for appellant.
Miller & Godfrey and H. M. Kisten, all of Dallas, for appellee.

HAMILTON, J. This suit was instituted by appellee for the recovery of damages alleged to have been inflicted as the result of a collision between an automobile negligently driven by appellant's servant and another in which the appellee was riding at the time. The allegations are:

"That by reason of the carelessness, recklessness, and negligence of the defendant, his agent, servant, and employé, said automobile was suddenly, unexpectedly, and without any warning * * * moved backward * * * at a high and excessive rate of speed * * * until the rear of said automobile came violently in contact with plaintiff and with the north side of the truck upon which plaintiff was riding."

Allegations were made to the effect that the automobile at the time driven by appellant's servant was not equipped with any device to give warning of its approach, and that the absence of such device constituted negligence as a matter of law, because the operation of an automobile without being equipped with such instrumentalities to give warning of its approach was in violation of the statutory law of this state.

In answer to the petition containing these allegations, and others adequate to state a cause of action against appellant for the injury suffered by appellee, appellant filed a general demurrer, certain special exceptions, a general denial and a special answer, which need not be stated.

Appellant's first proposition is that the burden was upon appellee to establish that the driver of the car, who was proved at the time to be an employé of appellant, was acting within the scope of the latter's employment when he inflicted the injury.

[1] The proof showed, and it is admitted, that the automobile belonged to appellant and that the driver was regularly employed by him to drive it. Appellant was engaged in the business of operating an interurban automobile line between the city of Dallas and the city of Terrell, and the servant who was driving his car at the time of the collision and accident daily operated it between

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a certain terminal point in Dallas and a certain terminal point in Terrell. Proof of the ownership of the automobile having been established, and proof of the driver's employment by the owner also having been established, it seems that by presumption of fact, in the absence of proof to the contrary, it may be inferred that the driver was acting within the scope of his employment. Studebaker Co. v. Kitts (Tex. Civ. App.) 152 S. W. 467; Gordon v. Texas & Pacific Merc. & Mfg. Co. (Tex. Civ. App.) 190 S. W. 751; Lang Floral & Nursery Co. v. Sheridan (Tex. Civ. App.) 245 S. W. 472; Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406, Ann. Cas. 1916D, 1161; Huddy on Automobiles (5th Ed.) pars. 671–673.

In the light of the foregoing authorities we are inclined to the view that further proof of the employer's liability for the injury was not required to establish a prima facie case. Accordingly, we are of the opinion that the court did not err in refusing to grant appellant's motion for an instructed verdict at the conclusion of appellee's proof establishing the fact that appellee had suffered the injury as the direct and proximate result of the servant's negligence and in connection with the fact that at the time it was inflicted the servant was employed as the driver of the car.

While appellant's second proposition to the effect that a master is not liable for an injury inflicted through the negligence of an employé who at the time he commits the tort is engaged upon a mission for himself and is not acting within the scope of his employment is sound, yet, under the authorities above cited, the fact that the servant was acting within the scope of his authority will be presumed from proof of the fact that the servant was employed as a driver of the owner's car at the time of the accident, and proof in rebuttal of such presumption must be adduced to remove it.

After the driver of the automobile had testified that on the day of the collision he was appellant's employé as driver of a motor bus from Dallas to Terrell; that he arrived at Terrell about 8:30 p. m. on that day, discharged his passengers at the Artesia Hotel, proceeded to Hall's garage to store the car, which was the place provided by appellant for it to be stored during the night; that about 30 minutes later he returned and got the car; that about 9:30 or 10 o'clock he returned to the Artesia Hotel and about five minutes thereafter started to drive away when the collision occurred—he was then asked by appellant's counsel whether or not at the time he was driving the car for appellant or upon his own private errand, independent of his employment. The court sustained appellee's objection to the question and the answer on the ground that appellant had not specially pleaded that the act was not committed within the scope of the driver's employment, and that under a general denial the proof could not be made.

While the appellant himself was testifying in his own behalf, he was asked by his counsel whether or not at the time of the collision he had given the driver authority or instructions to take the motor bus from the garage and drive it, either for him or upon the driver's private errand, and this question was excluded upon the theory that under a general denial proof that the act was committed beyond the scope of the employé's authority could not be made.

[2] The assignment of error assailing the action of the court in excluding these questions and their answers is well taken. A general denial is a sufficient basis in pleading for the admission of any fact which tends to rebut a prima facie case. It admits any defensive proof, generally speaking, which is admissible under the rules of evidence in mere rebuttal of every fact essential in law to sustain the plaintiff's allegations. It puts in issue every matter strictly in rebuttal as distinguished from matters of fact in avoidance which must be specially pleaded. Townes' Texas Pleadings, 533. A general denial admits proof of facts of an explanatory nature to defeat the prima facie case made by the plaintiff.

[3] A prima facie case was made by appellee in establishing the ownership of the car in appellant, its negligent operation by his servant employed to operate it, and the injury to appellee proximately resulting from such negligent operation. But, one of the essentials being proof that the driver was appellant's servant, proof that he was not engaged in performing appellant's service when the injury was inflicted, but was in pursuit of his own independent errand, unauthorized by appellant and unrelated to the employment, was in direct rebuttal of an essential fact, prima facie presumed or inferrred from appellee's proof, to wit, the fact that the machine was being driven at the time in the master's service. The proof tendered was simply a denial of the asserted fact that the driver was acting for appellant as his agent in driving the car when he committed the tort.

If appellant's driver had completed his work for the day, stored the car, and had later returned to the garage, and, without any kind of authority, had taken it out on his own errand, wholly independent of appellant, proof of such acts we deem sufficient to constitute a denial of the alleged fact that appellant had committed the tort through his agent. Hence the evidence should have been admitted.

The judgment is reversed and the cause remanded.