### EDWARDS v. SELF. (No. 2595.)

.(Court of Civil Appeals of Texas. Amarillo. Jan. 27, 1926. Rehearing Denied Feb. 24, 1926.)

1. Pleading ☞252(1)—Pleading called "Plaintiff's Amended Prayer," but containing matter proper for trial amendment, will be considered such.

Pleading called "Plaintiff's Amended Prayer," but containing matter whose purpose is to inject a matter properly in trial amendment, will be considered as such.

2. Pledges ☞58(1)—To recover on note held as collateral and paid by maker to payee, holder must allege and prove he is innocent purchaser in good faith for value before maturity, and that he is likely to lose his debt.

Plaintiff, holding note of third party as collateral to debt of payee to himself, to recover against maker, who has paid it to payee, must allege and prove that he is an innocent purchaser in good faith for value before maturity, and that he will likely lose his debt, unless he recover against the maker of the note.

3. Appeal and error ☞742(1) — Appellant's propositions sufficiently indicated assignments to which germane when number of proposition was stated under assignment, giving number of assignment.

Appellant's propositions sufficiently referred to the assignments to which they were germane when number of proposition was stated under assignment, giving number of the assignment.

Appeal from Garza County Court; J. M. Boren, Judge.

Suit by R. L. Self against F. M. Edwards on a promissory note. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

A. W. Gibson, of Lamesa, for appellant.

T. L. Price and H. G. Smith, both of Post, for appellee.

RANDOLPH, J. This suit was filed in the county court of Garza county, Tex., by R. L. Self, as plaintiff, against F. M. Edwards, as defendant. In his petition plaintiff alleges the execution and delivery of the note sued on by the defendant to one Donald Thompson, and that said note was, for a valuable consideration, transferred to the plaintiff, and that plaintiff has ever since been the legal holder of same, and is entitled to receive the proceeds thereof.

Defendant filed his original answer in reply to such petition, containing general demurrer, general denial, and special plea in confession and avoidance. The plaintiff, with permission of the court, filed what he designates "Plaintiff's Amended Prayer," in which he amends the prayer contained in his original petition, so as to read and include the following things, in addition to the matters prayed for in his original petition:

"For 10 per cent. on said sum of $591 from the maturity of said note down to date of this judgment, and for his attorney's fees in the sum of 10 per cent. on the principal and interest of said note as stated in said note, for 6 per cent. interest on said judgment until paid and for all costs of this court in this behalf expended, etc."

Defendant filed his special exception to this "Amended Prayer" on the ground that it was neither an amended petition or a trial amendment or a supplemental petition.

[1] While the plaintiff designates his amended pleading as "Plaintiff's Amended Prayer," a pleading not known to our system, yet a reading of it shows that it contains matter, the purpose of which is to inject a matter that is properly injected by a trial amendment; hence it will be so considered.

Other pleadings were filed in the case which will be considered as they relate to the questions which will be discussed by us. On the trial of the case the court overruled all demurrers, and, upon hearing the evidence, the court, a jury being waived, rendered judgment for plaintiff, and defendant appeals.

[2] Appellant, by several assignments and propositions, raises the question that the transfer of the note to plaintiff by Thompson was as collateral security to the payment of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the note sued on, and not for the purpose of vesting the ownership of same in the plaintiff, and that the plaintiff nowhere alleges in his pleadings that he was an innocent purchaser of the note for a valuable consideration in due course of trade and before maturity; that the plaintiff was required to allege and prove, in addition to the above allegations, that he took the note in good faith and that he will probably lose his debt, unless he is permitted to collect the collateral note.

As stated, in addition to the formal allegations, he only alleges and sets out a description of the note sued on and of its transfer to him, and makes no allegation of being an innocent purchaser; neither does he allege that he took the note as security for a debt owing him, and that, if he is not permitted to utilize the proceeds of the collateral note, he will probably lose his debt.

The judgment of the trial court is based upon the cause of action as set out in the petition. The trial court finds as a fact that the defendant, Edwards, made certain payments upon the note, which payments amounted to more than the face of the note, but that plaintiff had no notice of such payments or of any equities against said note at the time same was indorsed to him; such payments being made to Thompson without the knowledge of plaintiff. The court also finds that the note sued on was transferred to plaintiff in due course of trade and before maturity, and was so transferred to plaintiff by Thompson as security for a note which Thompson owed to the plaintiff. The court concludes as a matter of law that the plaintiff, "being an innocent purchaser of said note for value, before maturity, in due course of trade, and° without notice of any equities against said note, is entitled to recover the proceeds thereof.

In the case of Denison v. League, 16 Tex. 408, it is said:

"There is no rule that has been so stringently enforced in this court as the rule that the allegata must be broad enough to let in the proof, and that no evidence, not supported by the allegata, can sustain a verdict."

This case was followed by the Commission of Appeals, in the case of Eldora Oil Co. v. Thompson, 244 S. W. 505, 508.

If the facts necessary to be proved to sustain a recovery on the part of the plaintiff be neither alleged in the petition nor fairly inferable from facts alleged, a recovery upon evidence introduced is not warranted in the absence of such pleadings. De Proy v. Pragakis (Tex. Civ. App.) 259 S. W. 620.

When it developed from plaintiff's evidence that he was not the owner of the note, but was only holding it as collateral security, in order for him to be entitled to recover as against the maker, who had paid it to the

payee, he must have alleged and proved that he was an innocent purchaser of the note in good faith before maturity, and for a valuable consideration, but he must have also alleged and proved that he would likely lose his debt, unless permitted to recover the proceeds of the note sued on. Continental & Commercial Nat. Bank v. Meister et al. (Tex. Civ. App.) 186 S. W. 377; Live Stock State Bank v. Locke (Tex. Civ. App.) 277 S. W. 405, 406.

[3] The appellee objects to our consideration of appellant's various propositions, for the reason that they do not refer to the assignments they are germane to. In setting out his propositions, appellant states the number of the proposition under the assignment, giving the number of the assignment. This is tantamount to saying that the proposition is germane to such assignment, and we overrule the contention.

For the errors indicated, the judgment of the trial court is here reversed and remanded.