### DAVIS v. KRUPP et al.
### No. 3061.

Court of Civil Appeals of Texas. El Paso. Oct. 11, 1934.

Rehearing Denied Nov. 1, 1934.

310

Waters Davis and W. C. Roche, both of El Paso, for plaintiff in error.

Potash & Cameron, of El Paso, for defendants in error.

HIGGINS, Justice.

Plaintiff in error, Davis, on April 21, 1932, instituted this suit against the defendants in error, Haymon Krupp, Frank T. Pickrell, Farmers' Cotton Finance Corporation, and Fabens Compress & Fumigation Company. The two defendants last named are Texas corporations. As against Krupp and Pickrell a dissolution was sought of the partnership existing between plaintiff and said defendants and for accounting of notes, money, capital stock in various corporations named in the petition, and property held by said defendants, and against all defendants for possession of a portion of the capital stock of the corporate defendants and other corporations.

Defendants answered at length. The defendants Krupp and Pickrell also filed a cross-action in which they set up that they and plaintiff were joint adventurers in an enterprise covering all of the various matters referred to in the plaintiff's petition sharing equally in the losses and profits of the whole enterprise; that they had furnished for plaintiff his share of the money invested in the various enterprises. They alleged heavy losses had been sustained. They asked for accounting, dissolution of the partnership, and judgment against plaintiff for his one-third share of the losses sustained and borne by them.

The pleadings and evidence of Davis, Krupp, and Pickrell all show a partnership relationship between them commencing in February, 1927. Krupp and Pickrell contended that it embraced all of the various phases of the cotton business transacted in and around El Paso county and territory adjacent thereto described in the pleadings of both parties. Davis contended that the operations of the partnership did not embrace all of such transactions. The issue in this respect was found in favor of Krupp and Pickrell by the third finding of the jury.

The evidence shows that Krupp and Pickrell were wealthy and Davis without means. The capital for the various transactions in which the parties engaged was supplied by Krupp and Pickrell. The enterprise as a whole resulted in heavy loss.

For the purpose of carrying on their operations the parties organized the two corporate defendants and other corporations.

Four questions were submitted which read:

"Question No. One. Do you find that the obligation of plaintiff Davis, to pay to Krupp and Pickrell, one-third of the cost of the shares of the capital stock of the Fabens Compress and Fumigation Company was evidenced by a note or notes, signed by said Davis? Answer yes or no.

"Question No. Two. Do you find from a preponderance of the evidence that plaintiff Davis accepted and received, the shares of stock representing one-third of the increase of the capital stock of the Farmer's Cotton Finance Corporation from thirty thousand dollars to five hundred thousand dollars? Answer yes or no.

"Question No. Three. Do you find from a preponderance of the evidence that on or about the ―――― day of February, 1927, it was mutually agreed, in substance, and understood, by and between plaintiff Britton Davis, defendant Haymon Krupp and defendant Frank Pickrell, that said named parties should engage in the general cotton business in its various phases, in and around El Paso County and territory adjacent thereto, and that the said parties between themselves should share in proportion of one-third each in the profits, and bear the losses in the same proportion, arising from the prosecution of such enterprise, whether such enterprise was prosecuted by them as individuals or through corporations; and that Krupp and Pickrell would advance the capital necessary, and carry the plaintiff Davis for his proportionate part thereof? Answer yes or no.

"If you have answered question No. three in the affirmative, then, but not otherwise, answer this additional question with reference thereto:

"Question No. Four. Do you find from a preponderance of the evidence that the Farmer's Cotton Finance Corporation and the Fabens Compress and Fumigation Company were organized by the plaintiff and defendants in accordance with, and in pursuance of the agreement submitted in question No. three, if such agreement there was? Answer, yes or no."

All questions were answered in the affirmative except the second, which was answered, "No."

Two additional and conditional questions were requested by plaintiff and submitted. They were not answered because of their conditional submission.

The record shows no request for additional questions.

No exceptions to the charge were taken.

After verdict plaintiff filed a trial amendment withdrawing all allegations for an accounting "so that this cause shall be a common law action" and also withdrew other allegations of a portion of the cause of action set up by him.

Krupp and Pickrell dismissed that portion of their cross-action set up in section 6 of their cross-action wherein they sought judgment for the losses sustained by them in buying and selling cotton.

The judgment is lengthy. The substance of its material features may be briefly stated as follows:

1. That plaintiff take nothing.

2. In favor of Krupp and Pickrell against Davis for $13,333, the balance due upon notes given by Davis to Krupp and Pickrell for money advanced to pay his stock subscription in the Farmers' Cotton Finance Corporation and a like judgment for $36,800, the balance due for money advanced for the purchase of stock in the Fabens Compress & Fumigation Company, when it was incorporated.

3. Liens securing said sums upon stock in various corporations named in the petition and certain notes owned by Davis were established and foreclosed.

4. A receiver of such stock was appointed and ordered to sell the same unless Davis paid off said sums in sixty days.

5. The partnership between Davis, Krupp, and Pickrell was dissolved.

### Opinion.

■ There was no error in rendering judgment for said sums of $13,333, balance due on the notes of Davis given for his one-third of the stock in the Farmers' Cotton Finance Corporation and for $36,800, balance due on the indebtedness for the subscription of one-third of the original stock issue of the Fabens Compress & Fumigation Company. The said amounts, after allowing all credits, correctly represent the balance due upon the principal and interest of said notes. The only payments made upon said notes were from dividends of said Companies, and all dividends seem to have been so applied. All credits to which Davis was properly entitled were allowed.

The notes were payable upon demand. All parties sought a dissolution of the partnership, and the time for accounting and settlement between the partners was at hand regardless of any previous demand by Krupp and Pickrell for payment.

For like reason the collateral agreement between the partners that the notes were to be paid out of dividends of the companies did not defeat the right of Krupp and Pickrell to recover the balance then owing upon the notes. The notes were absolute and unconditional promises to pay upon demand, and upon dissolution and settlement of the partnership affairs it was proper to award judgment for the balances owing upon such notes. Fuller v. Pryor, 57 Tex. Civ. App. 425, 122 S. W. 418.

■■ The cross-petition of Krupp and Pickrell is sufficient to support the judgment in this respect. Plaintiff in error, under various assignments, complains the court made only a partial instead of a full and complete accounting and without a complete accounting it was improper to render judgment in favor of two of the parties against the third.

To this it is a sufficient reply to say that plaintiff in error withdrew all of his allegations and prayer for an accounting. Defendants in error dismissed their cross-action for accounting for the losses sustained in buying and selling cotton. Furthermore, the record discloses that the losses of the whole adventure were enormous; that all of the losses had been borne by Krupp and Pickrell. The evidence conclusively shows that if a full accounting of losses had been required of plaintiff in error a much larger judgment would have been rendered against him than was rendered. Any incompleteness in the accounting inured to the benefit of plaintiff in error and he cannot complain thereof.

■ No reversible error is shown by the action of the court in permitting Krupp and Pickrell, after verdict, to file a trial amend-

ment relating to the notes given by Davis in payment for the Fabens Compress & Fumigation Company stock. In the first place no exception to such action is called to our attention. It was the theory of Krupp and Pickrell that no notes for such stock had been given. But Davis testified and the jury found such notes were given. The amendment conformed the pleadings of Krupp and Pickrell to Davis' theory and the first finding of the jury. No harm could have resulted to Davis by the amendment under the circumstances as stated. Rea v. Johnson (Tex. Civ. App.) 270 S. W. 1077; Johnson v. Bingham (Tex. Civ. App.) 251 S. W. 529, reversed in part in (Tex. Com. App.) 269 S. W. 1033, on another point.

And it makes no difference whether such notes are lost or destroyed. If lost and outstanding they are barred by limitation, wherefore Davis cannot be held liable thereon to any third person and it was unnecessary for his protection against the notes that an indemnity bond be required of Krupp and Pickrell. Kirkpatrick v. San Angelo Nat. Bank (Tex. Civ. App.) 148 S. W. 362; Galveston City Co. v. Sibley, 56 Tex. 269; 28 Tex. Jur., p. 402, § 11.

The assignments complaining of the establishment and foreclosure of a lien in favor of Krupp and Pickrell, appointing a receiver of the assets upon which the lien was fixed, and ordering the receiver to sell such assets present no error.

The evidence in behalf of Krupp and Pickrell supports the view that it was agreed by Davis that such assets should secure the repayment of his share of the losses. Furthermore, on the dissolution of the partnership, Krupp and Pickrell had an equitable lien upon such assets to secure their claim against Davis for his share of losses. 47 C. J. p. 1183, § 877; Levin v. Steinle (Tex. Civ. App.) 200 S. W. 1137.

The action of the court in taxing one-third of the costs against each of the parties presents no error of which Davis can complain. The court might properly have taxed all of the costs against him.

The record in the case is very voluminous. The plaintiff in error presents many assignments of error in his brief. We have not undertaken to discuss the assignments separately, for this is a case which must be considered as a whole. The questions presented are so inter-related that it is not practical to consider one phase of the case and feature of the judgment separately and apart from the whole. We believe no reversible error is shown and that our rulings, directly or indirectly, dispose of the various questions raised by plaintiff in error. In this connection it may be further said that the undisputed evidence shows that the partnership, or joint adventure, resulted in a loss of more than $1,000,000 to Krupp and Pickrell; that plaintiff in error has contributed nothing to reimburse Krupp and Pickrell for his one-third share of such loss. Davis was in charge of the operations of the partnership. Under such circumstances plaintiff in error could not possibly have any right of recovery, nor could he properly be held liable for any sum less than was awarded against him by the present judgment.

Under such circumstances the judgment should be affirmed. American Surety Co. v. Hill County (Tex. Com. App.) 267 S. W. 265; Jones v. Hughes (Tex. Com. App.) 277 S. W. 624; Pittsburgh P. G. Co. v. Beck (Tex. Civ. App.) 298 S. W. 915.

It is so ordered.

### On Rehearing.

Plaintiff in error complains of the statement in the opinion that after verdict plaintiff filed a trial amendment withdrawing all allegations for an accounting, etc.

In the motion for rehearing it is said the court below refused to permit such amendment to be filed. The clerk's transcript shows the amendment referred to as filed May 29. 1933. It will, therefore, be presumed by this court that it was filed under leave of the court (Haynes v. Rice, 33 Tex. 167) unless the record shows the contrary. The allegation in the motion for new trial in the court below that the court erred in refusing permission to file such amendment is insufficient to overcome the presumption stated.

Nor do we find any bill in the statement of facts to show the court refused to permit the amendment to be filed.

But, however it may be, we regard the matter as immaterial. Whether the trial amendment was or was not considered by the trial court does not affect our conclusion that the judgment should be affirmed.