## WEBER v. REAGAN.

### No. 1692.

Court of Civil Appeals of Texas. Waco.
Jan. 16, 1936.

Rehearing Denied Feb. 27, 1936.

Bush & Parten, of Franklin, and Strickland, Ewers & Wilkins, of Mission, for appellant.

John R. Grace, of Franklin, for appellee.

GALLAGHER, Chief Justice.

This is an appeal from an order or judgment of the court overruling a plea of privilege. Appellee, Alex Reagan, sued appellant, L. E. Weber, and Frank Johnson in the district court of Robertson county to recover damages for injuries sustained by him in a collision between his automobile and a truck owned by appellant and being operated at the time by said Johnson. Appellant Weber filed a plea of privilege in statutory form, alleging that he resided in Hidalgo county and asking that the cause be transferred to the district court of that county for trial. Appellee filed a controverting affidavit in which he claimed venue in Robertson county on the ground that the truck which collided with his car was owned by appellant and was being operated by said Johnson as his agent and employee in the course of the business of appellant; that the collision was caused by the careless, willful, and negligent action of said employee in driving said truck upon and over appellee's car, and that all the same occurred in Robertson county. This controverting affidavit was filed June 30, 1934. Just before the hearing, which was had on July 9, 1934, appellee filed a plea which he styled his first amended controverting affidavit. He stated in the face thereof that the same was in addition to his controverting affidavit theretofore filed, and that the allegations thereof were not waived but insisted upon. He alleged in said plea that appellant's codefendant, Johnson, was at all pertinent times a resident of Robertson county; that said Johnson was both a proper and necessary party to the suit and that the same could therefore be maintained in said county against both him and appellant. Appellant, by general demurrer, challenged the sufficiency of appellee's controverting affidavit and the amendment thereto by demurrer, which was overruled. The court thereupon heard the evidence and overruled appellant's plea of privilege.

Opinion.

■ Appellant presents an assignment of error in which he contends that the court erred in overruling his general demurrer to appellee's controverting affidavits. Appellant contends in propositions thereunder that the filing of the amended controverting affidavit constituted an effective abandonment of the original, and that such amended affidavit was wholly insufficient to meet the requirements of the law. An examination of the original controverting affidavit shows that appellee sought to maintain venue of the suit in Robertson county on the ground that the same was for damages for a trespass committed therein. Sufficient facts were alleged to show a joint cause of action therefor against both appellant and Johnson. In the amendment, neither the allegations charging a trespass nor the allegations asserting a joint cause of action against appellant and Johnson were repeated, but all such allegations were preserved and insisted upon. The amendment, however, contained specific allegations that the defendant Johnson resided in Robertson county. The evident purpose of the amendment was to claim venue of the suit in Robertson county on the ground of his residence therein, relying upon the allegations of the original affidavit to show a joint cause of action against both him and appellant. Apparently appellant so understood the amendment under consideration because his general demurrer was not addressed to it alone, but to both it and the original affidavit jointly. The legal effect of a pleading is not determined by its style or the name given it by the pleader, but by its allegations and the evident purpose for which it was offered. Crawford v. Creel (Tex.Civ.App.) 62 S.W.(2d) 294, 298, par. 5; 33 Tex.Jur. p. 531, § 99. See further in this connection, rule 27 for district and county courts; Lumsden v. Jones (Tex.Civ.App.) 205 S.W. 375, 376, pars. 2 and 3; Edwards v. Self (Tex.Civ.App.) 280 S.W. 334, par. 1; Davis v. Krupp (Tex.Civ.App.) 75 S.W.(2d) 309, 312, pars. 10 and 11; Mound Oil Co. v. F. W. Heitmann Co. (Tex.Civ.App.) 148 S.W. 1187, 1188, par. 4; 33 Tex.Jur. p. 517, § 86, p. 522, § 90, p. 523, §§ 91, 92. Appellant's general demurrer challenged the sufficiency of both appellee's controverting affidavits considered together as to matters of substance only, and was properly overruled.

■ Appellant presents assignments of error in which he assails the sufficiency of the evidence to sustain the findings of the court and the sufficiency of such findings to sustain the order overruling his plea of privilege. The substance of the testimony on this particular point is that the accident happened at night; that the next day thereafter appellant and said Johnson came to appellee's home and appellant had a conversa-

tion with members of appellee's family about the accident, in the course of which he stated that he owned the truck and that the Johnson boy (Frank Johnson) was driving it. Appellant was represented by counsel at the hearing of his plea, but did not cross-examine appellee's witnesses nor introduce any testimony. The court found that appellant was the owner of the truck which inflicted the injuries upon appellee; that Frank Johnson was driving the same at the time and that he was an employee of appellant. The authorities all agree that the owner of an automobile is liable to respond in damages for injuries negligently inflicted in the operation thereof when it is shown that such automobile was being operated at the time by an employee of the owner within the scope of his employment. According to the great weight of authority, when it is shown that the defendant owned the automobile causing the injury and that the same was being operated at the time by his employee, a prima facie case is established, in the absence of testimony tending to show that such employee was not at the time acting within the scope of his employment. Houston News Co. v. Shavers (Tex.Civ. App.) 64 S.W.(2d) 384, par. 4 (writ refused); Texas News Co. v. Lake (Tex.Civ. App.) 58 S.W.(2d) 1044, 1045, par. 1; Browne v. Hanagriff (Tex.Civ.App.) 270 S. W. 890, 891, par. 2, and authorities there cited; Wright v. Maddox (Tex.Civ.App.) 288 S.W. 560, 564, par. 2; Shrader v. Roberts (Tex.Civ.App.) 255 S.W. 469, par. 1; Rosenthal Dry Goods Co. v. Hillebrandt (Tex.Civ.App.) 299 S.W. 665, 668, pars. 12 and 13, reversed on other grounds (Tex. Com.App.) 7 S.W.(2d) 521; Trachtenberg v. Castillo (Tex.Civ.App.) 257 S.W. 657, 660, pars. 5 and 6. The fact of employment may be established by circumstantial evidence. 5 Tex.Jur. p. 753, § 140, p. 770, § 152. The real relation between the owner and the driver of an automobile at the time of an accident is ordinarily a matter peculiarly within the knowledge of such parties, and slight evidence of circumstances indicating employment, absent the introduction of any rebuttal testimony, has frequently been held sufficient to show such relation. Austin Bros. v. Sill (Tex.Civ.App.) 83 S.W.(2d) 716, 717, pars. 1 and 2; Globe Laundry v. McLean (Tex.Civ.App.) 19 S.W.(2d) 94, 95, pars. 1 and 2; Mrs. Baird's Bakery v. Davis (Tex.Civ.App.) 54 S.W.(2d) 1031, 1032, pars. 1 to 3, inclusive; Claer v. Oliver (Tex.Civ.App.) 62 S.W.(2d) 354, 355, par.

1; Edgeworth v. Wood, 58 N.J.Law, 463, 33 A. 940, 942; Barron v. Texas Employers' Ins. Ass'n (Tex.Com.App.) 36 S.W. (2d) 464, 467. The fact that appellant came to appellee's residence immediately after the accident, that he brought with him Johnson, who was operating the car at that time, and that he had a conversation about the accident, in the course of which he admitted that he was the owner of the car and that Johnson was operating the same, were circumstances tending to show that Johnson, in so doing, was acting as his employee. The trial court having found that the relation of employer and employee existed between appellant and Johnson at that time, and there being sufficient circumstances in evidence to support such finding, we are not at liberty to disregard the same. McElrath v. Dixon (Tex.Civ.App.) 49 S.W.(2d) 995, 998, par. 16, and authorities there cited.

The judgment of the trial court is affirmed.