27946. SOUTHERN RAILWAY COMPANY *v.* HULLENDER.

DECIDED MARCH 15, 1940.

*Matthews, Owens & Maddox, R. Carter Pittman, W. M. Sapp,*
for plaintiff in error.   *W. E. & W. G. Mann,* contra.

FELTON, J. The negligence alleged was the backing of one of the defendant's engines into a car which the plaintiff was unloading. The only evidence tending to show that the injury was due to the negligence of the defendant's employees was the testimony of the plaintiff to the effect that the engine which struck the car he was unloading had written on it "Southern Railway Company." There was no evidence that the engine was actually owned by the Southern Railway Company; no evidence that it was operated by the employees of the company; no evidence that it was being used in the business of the company; no evidence that it was being operated on the tracks of the company; no other fact which added to the proof as to the name written on the engine which would be sufficient to authorize the inferences that the engine belonged to the defendant, and that it was being operated by an employee of the defendant in the course of his employment.

This court and the Supreme Court have gone no further than to hold that evidence that the defendant was the owner of a vehicle injuring another, and that the person operating it at the time of the injury was in the employ of the defendant, would authorize the inference, or create a prima facie presumption, that the servant was engaged in the master's business and within the scope of his employment. *Dawson Motor Co.* v. *Petty,* 53 *Ga. App.* 746 (186 S. E. 877), and cit. The facts of this case clearly distinguish it from *Barnum & Bailey Shows* v. *Himmelweit,* 17 *Ga. App.* 85 (86 S. E. 96), and *Minter* v. *Kent,* 62 *Ga. App.* 265 (8 S. E. 2d, 109), in which the *Barnum and Bailey* case is discussed; and also distinguish it from Edgeworth *v.* Wood, 58 N. J. L. 463 (33 Atl. 940). See *Clower* v. *Western Union Tel. Co.,* 18 *Ga. App.* 775 (90 S. E. 730). The statements made by a claim agent of the defendant, who was also proved to be the claim agent of the railroad on whose tracks the injury occurred, which was another railroad, to the effect that he did not have a showing of this accident, that he always instructed his men to turn in a report at once about anything that happened, that they had not turned it in, that "we" are doing a good business up there, and that in order not to get knocked out of work he had instructed his men to report any accident at once, would have no probative value on the question of the ownership of the engine or tracks, or on the question whether the employees operating the engine were employees of the defendant

engaged in its business at the time of the injury. The evidence was not sufficient to authorize the verdict.

The above ruling also applies to the following erroneous charge of the court: "If you find that on the occasion in question, at the time the plaintiff J. C. Hullender claims to have been injured, if he was injured, by an engine which had on it markings purporting to be the property of the Southern Railway Company, the presumption would arise that it was an engine of the Southern Railway Company, and was being operated at the time by the agents of the Southern Railway Company, and in the prosecution of its business."

It is unnecessary to pass on the other assignments of error. The court erred in overruling the defendant's motion for new trial.

*Judgment reversed. Sutton, J., concurs. Stephens, P. J., dissents.*